RONALD J. TENPAS
Acting Assistant Attorney General
NORMAN L. RAVE, JR.
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7568
Fax: (202) 514-8865
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED FARM WORKERS, AFL-CIO, et al., | ) | Case No. C 07-03950 JF |
| | ) | |
| Plaintiffs, | ) | ANSWER TO AMENDED COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ADMINISTRATOR, | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        Defendant Administrator, United States Environmental Protection Agency

("EPA"),by undersigned counsel, answers Plaintiffs' Amended Complaint for Declaratory

and Injunctive Relief ("Complaint") as follows.

        1.        EPA admits that chlorpyrifos is an organophosphate.  The remaining

allegations of the first sentence of Paragraph 1 are too vague and ambiguous for EPA to

formulate a response and are denied on that basis.  The second and third sentences of

Paragraph 1 contain conclusions of law, to which no response is required.  EPA denies the

fourth sentence of Paragraph 1. The fifth sentence of Paragraph 1 characterizes the EPA

Memorandum Finalizing Interim Reregistration Eligibility Decisions ("IREDs") for Organophosphate Pesticides, July 31, 2006, and the IRED itself, documents which speak for themselves and are the best evidence of their contents.  As for the allegations in the sixth sentence of Paragraph 1, to the extent that it references actions taken by EPA, it characterizes the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, a document which speaks for itself and is the best evidence of its contents. EPA denies that data was not made available to the public.

2.      Paragraph 2 summarizes the relief requested by Plaintiffs and no response is required.

3.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 9.

9.1.    EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 9.1.

10.    EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    EPA admits the allegation in the first sentence of Paragraph 12. The second sentence of Paragraph 12 constitutes a conclusion of law, to which no response is required.

13.    Paragraph 13 contains a conclusion of law, to which no response is required.

14.    EPA admits the allegations in the first sentence of Paragraph 14.  EPA denies the allegations in the second sentence of Paragraph 14.  EPA admits that chlorpyrifos is acutely toxic and has caused systemic illness to workers by lowering cholinesterase levels.  EPA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations asserted in the third sentence of Paragraph 14.

15.    With regard to the allegations in the first and second sentences of paragraph 15, EPA has issued an extensive human health risk assessment for chlorpyrifos that sets forth in detail EPA's position regarding the potential human health effects from exposure to chlorpyrifos. That document speaks for itself and is the best evidence of its contents.  EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence and on that basis denies the same.  The fourth

sentence purports to characterize scientific studies which speak for themselves and are the best evidence of their contents.

16.    EPA admits that  inhalation and dermal contact are potential pathways for worker exposure to chlorpyrifos when they mix, handle, or apply chlorpyrifos or come into contact with treated crops.  EPA  denies the remaining allegations of the first sentence of Paragraph 16.  With respect to the second sentence of Paragraph 16, EPA denies those allegations except to admit that some people may be exposed to chlorpyrifos by eating food with chlorpyrifos residues.  As for the third sentence of Paragraph 16, EPA denies those allegations except to admit that children may be exposed to chlorpyrifos from drift, eating food with chlorpyrifos residues and coming into contact with items containing chlorpyrifos residues.

17.    With regard to the allegations in the first and second sentences of paragraph 17, EPA admits that chlorpyrifos is a semi-volatile chemical and that chlorpyrifos can become airborne after being deposited on soil and leaf surfaces.  EPA admits that this phenomenon becomes more likely to occur as temperatures increase.  The remaining allegations in the first two sentences of paragraph 17 are too vague and ambiguous to enable EPA to admit or deny.  The third sentence of Paragraph 17 is speculation and no response is required.  If further response is required, the allegations are denied.  The fourth sentence of Paragraph 17 refers to air monitoring studies, which studies speak for themselves.

18.    EPA admits the allegations in the first two sentences of Paragraph 18.  EPA denies the allegations in the third sentence but admits that as of 2001, approximately 11 million pounds of chlorpyrifos were used annually.  EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the 4th sentence

of Paragraph 18, and denies them on that basis, except that EPA admits that the California Department of Pesticide Regulation website and other pesticide usage information sources indicate that approximately two million pounds of chlorpyrifos were used on over 1.6 million acres in California in 2005.

19.    EPA admits the allegations in the first two sentences of Paragraph 19. With regard to the third sentence of Paragraph 19, EPA admits that corn and apples are two of the largest agricultural markets for chlorpyrifos, but denies the remaining allegations in the sentence.

20.    Paragraph 20 characterizes the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), which speaks for itself and is the best evidence of its contents.

21.    Paragraph 21 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

22.    Paragraph 22 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

23.    Paragraph 23 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

24.    EPA admits the first sentence of Paragraph 24.  The second sentence of Paragraph 24 characterizes EPA's human health risk assessment documents, which speak for themselves and are the best evidence of their contents.  EPA denies the allegations in the third sentence of Paragraph 24.

25.    The first sentence of Paragraph 25 characterizes EPA's human health risk assessments, which speak for themselves and are the best evidence of their contents.  EPA denies the second sentence of Paragraph 25, although it admits that in many cases it uses a

1   100-fold safety factor to establish its "level of concern" for worker risk from pesticides.

2   EPA denies the allegations in the third sentence, except to admit that a lower Margin of

3   Exposure ("MOE") for a given pesticide generally indicates a greater degree of risk than a

4   higher MOE for that pesticide.

5           26.    EPA denies the allegations in the first sentence of Paragraph 26, except to

6   admit that, in applying the FIFRA risk-benefit standard, EPA has sought to impose

7   additional mitigation measures for certain pesticides when occupational exposures have

8   reached a risk level of concern of an MOE of less than 100.  EPA denies the allegations in

9   the second sentence of Paragraph 26.  The third sentence of Paragraph 26 characterizes

10  FIFRA, which speaks for itself and is the best evidence of its contents.

11          27.    EPA admits that EPA prepares ecological assessments in determining

12  whether to register or reregister a pesticide.  EPA denies the remaining allegations of the

13  first sentence of Paragraph 27.  As to the second sentence of Paragraph 27, EPA denies

14  except to admit that EPA has established levels of concern for non-target wildlife based on

15  registrant-generated data regarding lethality of a pesticide to the test subject.  The

16  allegations in the third sentence of Paragraph 27 purport to characterize EPA's ecological

17  risk assessments, which speak for themselves and are the best evidence of their contents.

18  EPA denies the allegation in the third sentence of Paragraph 27 that it imposes mitigation

19  through risk assessment, but EPA admits that EPA has sought to impose mitigation that

20  addresses ecological risk in some circumstances.  The allegations in the fourth and fifth

21  sentences of Paragraph 27 contain conclusions of law, to which no response is required.

22          28.    The first sentence of Paragraph 28 contains conclusions of law to which no

23  response is required.  EPA denies the allegation in the second sentence of Paragraph 28.

24  The third sentence of Paragraph 28 cites reports, which reports speak for themselves and

1  are the best evidence of their contents.  EPA denies the allegations in the fourth sentence

2  of Paragraph 28.

3          29.     In response to the allegations in Paragraph 29, EPA admits only that it

4  issued the chlorpyrifos IRED in 2001; the remaining portions of that paragraph

5  characterize the IRED, which speaks for itself and is the best evidence of its contents.

6

7          30.     Paragraph 30 characterizes the IRED, which speaks for itself and is the best

8  evidence of its contents.

9          31.     Paragraph 31 characterizes the IRED, which speaks for itself and is the best

10  evidence of its contents.

11          32.     The first and second sentences of Paragraph 32 characterize the IRED,

12  which speaks for itself and is the best evidence of its contents.  The third sentence of

13  Paragraph 32 characterizes the EPA Memorandum Finalizing IREDs for Organophosphate

14  Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its contents.

15

16          33.     Paragraph 33 characterizes the IRED, which speaks for itself and is the best

17  evidence of its contents.

18          34.     Paragraph 34 characterizes the IRED, which speaks for itself and is the best

19  evidence of its contents.

20

21          35.     Paragraph 35 characterizes the IRED, which speaks for itself and is the best

22  evidence of its contents.

23          36.     Paragraph 36 characterizes the IRED, which speaks for itself and is the best

24  evidence of its contents.

25          37.     The first sentence of Paragraph 37 characterizes FIFRA, which speaks for

26  itself and is the best evidence of its contents.  The second  sentence of Paragraph 37 is too

27  vague and ambiguous to enable EPA to admit or deny.  EPA denies the allegations in the

28

third sentence of Paragraph 37.  The fourth sentence of Paragraph 37 contains conclusions of law, to which no response is required.

38.    Paragraph 38 characterizes the IRED, which speaks for itself and is the best evidence of its contents.

39.    The first sentence of Paragraph 39 characterizes the IRED, which speaks for itself and is the best evidence of its contents.  EPA denies the remaining allegations of Paragraph 39.

40.    The first sentence of Paragraph 40 characterizes the IRED, which speaks for itself and is the best evidence of its contents.  EPA denies the remaining allegations of Paragraph 40.

41.    The first sentence of Paragraph 41 characterizes the Food Quality Protection Act ("FQPA"), which speaks for itself and is the best evidence of its contents.

42.    The first and second sentences of Paragraph 42 characterize the Federal Food Drug and Cosmetic Act ("FFDCA"), which speaks for itself and is the best evidence of its contents.

43.    The first and second sentences of Paragraph 43 characterize the FQPA. The allegations in the third sentence of Paragraph 43 purport to quote a public EPA finding in a Federal Register notice, which speaks for itself and is the best evidence of its contents.

44.    Paragraph 44 characterize the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its contents.

45.    EPA incorporates by reference its responses to Paragraphs 14 through 44 as though set forth in full.

46.    The first, second and third sentences of Paragraph 46 characterize and quote portions of FIFRA, which speaks for itself and is the best evidence of its contents.

47.    The first, second and third sentences of Paragraph 47 contain conclusions of law, to which no response is required.

48.    EPA denies the allegation in the first sentence of Paragraph 48. EPA denies the second sentence of Paragraph 48, although it admits that in many cases it uses a 100-fold safety factor to establish its "level of concern" for worker risk from pesticides. EPA denies the third sentence of Paragraph 48, except to admit that EPA has required engineering controls and personal protective equipment for the use of some pesticides that pose risks of concern.

49.    Paragraph 49 characterizes the IRED, which speaks for itself and is the best evidence of its contents.

50.    Paragraph 50 characterizes the IRED, which speaks for itself and is the best evidence of its contents.

51.    Paragraph 51 characterizes the IRED, which speaks for itself and is the best evidence of its contents.

52.    The first sentence of Paragraph 52 characterizes FIFRA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 52 purports to characterize the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its contents. The third and fourth sentences of Paragraph 52 contain conclusions of law, to which no response is required.

53.    EPA incorporates by reference its responses to Paragraphs 14 through 44 as though set forth in full.

54.     The first and third sentences of Paragraph 54 characterize FIFRA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 54 contains conclusions of law, to which no response is required.

55.     The first sentence of Paragraph 55 characterizes FIFRA, which speaks for itself and is the best evidence of its contents. The second, fourth, fifth, sixth and seventh sentences of Paragraph 55 contain conclusions of law, to which no response is required. The allegations in the third sentence of Paragraph 55 are vague and ambiguous, and EPA denies them on that basis.

56.     The first and second sentences of Paragraph 56 characterize the IRED, which speaks for itself and is the best evidence of its contents.

57.     The first and second sentences of Paragraph 57 characterize the IRED, which speaks for itself and is the best evidence of its contents.

58.     The first, second and third sentences of Paragraph 58 characterize and quote portions of the IRED, which speaks for itself and is the best evidence of its contents. The fourth sentence of Paragraph 58 characterizes the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its contents.  The fifth and sixth sentences of Paragraph 58 contain conclusions of law, to which no response is required.

**PRAYER FOR RELIEF**

EPA denies that plaintiffs are entitled to the relief requested.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, EPA denies each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, for these reasons, EPA requests that the Court deny Plaintiffs'

Amended Complaint with prejudice that the United States be awarded its costs in this

action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

/S/Norman L. Rave, Jr.
NORMAN L. RAVE, JR.
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7568
Fax: (202) 514-8865

Of Counsel:

MARK DYNER
JENNIFER WILLS
Office of General Counsel
United States Environmental Protection Agency

November 2, 2007

NO. C-07-03950 JF
ANSWER TO AMENDED COMPLAINT                - 11 -