PATTI GOLDMAN (WSB #24426), Admitted *Pro Hac Vice*   HON. JEREMY FOGEL
JOSHUA OSBORNE-KLEIN (WSB #36736), Admitted *Pro Hac Vice*
KRISTEN L. BOYLES (CSB #158450)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
josborne-klein@earthjustice.org
kboyles@earthjustice.org

SHELLEY DAVIS (DCB #41331)
VIRGINIA RUIZ (CSB #194986)
Farmworker Justice
1126 – 16th Street, N.W., Suite 270
Washington, D.C.  20036
(202) 293-5420
(202) 293-5427 *[FAX]*
sdavis@nclr.org
vruiz@nclr.org

AARON COLANGELO (DCB #468448), Admitted *Pro Hac Vice*
Natural Resources Defense Council
1200 New York Avenue, N.W.
Washington, D.C.  20005
(202) 289-6868
(202) 289-1060 *[FAX]*
acolangelo@nrdc.org

*Attorneys for Plaintiffs United Farm Workers;*
*Sea Mar Community Health Center; Pineros Y Campesinos Unidos*
*Del Noroeste; Beyond Pesticides; Frente Indigena de Organizaciones*
*Binacionales; Farm Labor Organizing Committee, AFL-CIO;*
*Teamsters Local 890 and Pesticide Action Network North America*

MICHAEL MEUTER (CSB #161554)
JONATHAN GETTLEMAN (CSB #243560)
California Rural Legal Assistance, Inc.
3 Williams Road
Salinas, CA  93905
(831) 757-5221
(831) 757-6212
mmeuter@crla.org
jgettleman@crla.org
*Attorney for Plaintiffs Martha Rodriguez and Silvina Canez*

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　Defendant. | Civ. No. C07-3950 JF<br><br>MOTION TO COMPEL FILING OF A COMPLETE ADMINISTRATIVE RECORD<br><br>NOTE ON MOTION CALENDAR:<br>[To Be Determined]<br><br><br>Administrative Procedure Act Case |

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

ISSUE ........................................................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

    I.    DRAFTS, INTERNAL COMMUNICATIONS, AND OTHER DELIBERATIVE MATERIALS ARE PART OF THE "WHOLE RECORD" THAT EPA MUST SUBMIT TO THE COURT ................................ 2

    II.    EPA MUST PROPERLY INVOKE THE DELIBERATIVE PROCESS PRIVILEGE IF IT WISHES TO WITHHOLD DELIBERATIVE MATERIALS ................................................................................................ 8

CONCLUSION ........................................................................................................................... 11

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -i-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Case 5:07-cv-03950-JF   Document 26   Filed 11/16/2007   Page 4 of 20

# TABLE OF AUTHORITIES

## CASES

Citizens to Preserve Overton Park v. Volpe,
 401 U.S. 402 (1971)..................................................................................................4

Center. for Biological Diversity v. Norton,
 No. Civ. 01-409 TUC ACM, 2002 WL 32136200 (D. Ariz. 2002).........................8, 10

FPC v. Transcontinental Gas Pipe Line Corp.,
 423 U.S. 326 (1976)..................................................................................................2

FTC v. Warner Communications, Inc.,
 742 F.2d 1156 (9th Cir. 1984) ................................................................................8, 10

Florida Power & Light Company v. Lorion,
 470 U.S. 729 (1985)................................................................................................2, 4

Greenpeace v. NMFS,
 55 F. Supp. 2d 1248 (W.D. Wash. 1999)..................................................................6

Karuk Tribe of California. v. Forest Service,
 379 F. Supp. 2d 1071 (N.D. Cal. 2005) ....................................................................5

Lloyd v. Illinois Regional Transport Authority,
 548 F. Supp. 575 (N.D. Ill. 1982) .............................................................................4

Love v. Thomas,
 858 F.2d 1347 (9th Cir. 1988) ...............................................................................3, 4

Maricopa Audubon Society v. Forest Service,
 108 F.3d 1089 (9th Cir. 1997) ...............................................................................9, 10

Miami Nation of Indians v. Babbitt,
 979 F. Supp. 771 (N.D. Ind. 1996) ....................................................................3, 4, 9

Modesto Irrigation District v. Gutierrez,
 No. 1:06-cv-00453, OWW DLB, 2007 WL 763370 (E.D. Cal. Mar. 9, 2007) .......9, 10

NLRB v. Sears, Roebuck, & Co.,
 421 U.S. 132 (1975)..................................................................................................8

National Wildlife Federation v. Forest Service,
 861 F.2d 1114 (9th Cir. 1998) ..................................................................................8

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -ii-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Olenhouse v. Commodity Credit Corp.,
    42 F.3d 1560 (10th Cir. 1994) ...................................................................................3

People of the State of Cal. ex rel. Lockyer v. Department of Agriculture,
    Nos. C05-03508 EDL, C05-04038 EDL, 2006 WL 708914 (N.D. Cal. Mar.
    16, 2006) ....................................................................................................................9

Portland Audubon Society v. Endangered Species Committee,
    984 F.2d 1534 (9th Cir. 1993) ...............................................................................3, 8

Southwest Center. for Biological Diversity v. Bureau of Reclamation,
    143 F.3d 515 (9th Cir. 1998) ....................................................................................5

Thompson v. Department of Labor,
    885 F.2d 551 (9th Cir. 1989) ....................................................................................3

Trout Unlimited v. Lohn,
    No. C05-1128C (W.D. Wash. May 4, 2006) ....................................................3, 8, 9

United States v. W.R. Grace,
    455 F. Supp. 2d 1140 (D. Mont. 2006) ...................................................................10

Vaughn v. Rosen,
    484 F.2d 820 (D.C. Cir. 1973) ................................................................................10

Washington Toxics Coalition v. Department of Interior,
    457 F. Supp. 2d 1158 (W.D. Wash. 2006) ....................................................4, 6, 7, 10

Wiener v. FBI,
    943 F.2d 972 (9th Cir. 1991) ..................................................................................10

**FEDERAL STATUTES**

5 U.S.C. § 552(b)(5) ..........................................................................................................10

5 U.S.C. § 706(2) ................................................................................................................2

5 U.S.C. § 706(2)(A)...........................................................................................................1

7 U.S.C. § 136.....................................................................................................................1

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -iii-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

**MISCELLANEOUS**

DOJ, Guidance to Federal Agencies on Compiling the Administrative Record,
(January 1999) ..................................................................................................4, 5

Fed. R. Civ. P. 26(b)(5).................................................................................................9

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -iv-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

This motion, filed by plaintiffs United Farm Workers et al. (collectively "UFW"), will be noted on the Court's calendar upon return of currently unavailable Court personnel.

UFW respectfully requests that the Court compel defendant Environmental Protection Agency ("EPA") to file a complete administrative record that includes draft documents, internal communications, and all other deliberative materials concerning EPA's decisions to reregister chlorpyrifos. This motion is supported by the accompanying statement of points and authorities; the pleadings previously filed with the Court; the declarations, exhibits, and other papers submitted herewith; and such other evidence as the Court deems appropriate.

## INTRODUCTION

UFW claims that EPA acted arbitrarily, capriciously, and contrary to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y, when it reregistered chlorpyrifos, a toxic organophosphate insecticide, without ensuring that chlorpyrifos does not pose an unreasonable risk to workers, children, or the environment. Docket 23 at ¶ 52 ("Amended Complaint"). UFW also claims that EPA violated FIFRA because it failed to conduct an adequate investigation into the risks and benefits of chlorpyrifos. Id. at ¶ 58. Claims like these, brought under FIFRA, are reviewed under the standards of section 706(2)(A) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

UFW and EPA have agreed on a case schedule under which EPA will submit an index and relevant excerpts of the administrative record by April 15, 2008. Docket 25 at 4 ("Joint Case Management Statement"). However, the parties disagree on the proper scope of the record subject to this Court's review. EPA takes the position that "drafts and deliberative documents are not properly part of the records for judicial review." Id. UFW believes that the administrative record should include all records before EPA when it made the decisions, including drafts, internal communications, and other deliberative materials, unless EPA can

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

demonstrate that specific materials are privileged. EPA has stipulated to its position regarding the scope of the record so the Court may resolve this issue at the outset and EPA can then proceed to file an administrative record that conforms to the Court's ruling in accordance with the agreed-upon schedule.

EPA's stipulated position flies in the face of long-standing precedent. The APA requires EPA to produce the "whole record" for this Court's review; EPA may not unilaterally limit the record to the official rulemaking documents and those materials relied upon by the agency decisionmaker. The Ninth Circuit has established that the "whole record" includes deliberative materials and that EPA has the burden of proving that specific records are privileged from disclosure. Accordingly, UFW asks the Court to compel EPA to file a complete administrative record that includes draft documents, internal communications, and all other deliberative materials concerning EPA's decisions to reregister chlorpyrifos.

## ISSUE

Is EPA required to submit to the Court a "whole record" that includes draft documents, internal communications, and other deliberative materials?

## ARGUMENT

I.  DRAFTS, INTERNAL COMMUNICATIONS, AND OTHER DELIBERATIVE MATERIALS ARE PART OF THE "WHOLE RECORD" THAT EPA MUST SUBMIT TO THE COURT

Review pursuant to section 706(2)(A) of the APA must be based on the "whole record" before EPA at the time of the chlorpyrifos decisions. See 5 U.S.C. § 706(2); see also Florida Power & Light Co v. Lorion, 470 U.S. 729, 743-44 (1985); FPC v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 331 (1976). The principle that administrative review must be based on the whole record before the agency is central to section 706(2)(A) of the APA. At its core, the arbitrary and capricious standard "focuses on the rationality of the decision making process

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

rather than the rationality of the actual decision." Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1575 (10th Cir. 1994). Accordingly, the Court may find that EPA acted contrary to the APA if its final decision was not supported by an adequate investigation or was inconsistent with the evidence before the agency. See Love v. Thomas, 858 F.2d 1347, 1358-62 (9th Cir. 1988) (holding that EPA's suspension of pesticide uses under FIFRA was arbitrary and capricious because EPA failed to adequately investigate the economic impacts to growers); see also Trout Unlimited v. Lohn, No. C05-1128C, at 5 (W.D. Wash. May 4, 2006) ("TU I") (Exhibit 1 to Declaration of Joshua Osborne-Klein) ("[D]ocuments that were *not* relied upon by a decisionmaker, or evidence relating to such documents and their non-consideration, have been held to be necessary elements of an administrative record.") (emphasis in original).

The Ninth Circuit has repeatedly emphasized that the "whole record" subject to review under the APA is not merely the record designated and submitted by an agency:

> The "whole record" includes everything that was before the agency pertaining to the merits of its decision. An incomplete record must be viewed as a "fictional account of the actual decision-making process." . . . If the record is not complete, then the requirement that the agency decision be supported by "the record" becomes almost meaningless.

Portland Audubon Soc'y v. Endangered Species Comm., 984 F.2d 1534, 1548 (9th Cir. 1993) (citations omitted). According to the Ninth Circuit, "[t]he whole administrative record . . . 'is not necessarily those documents that the agency has compiled and submitted . . . [but] consists of all documents and materials directly or *indirectly* considered by agency decisionmakers and includes evidence contrary to the agency's position." Thompson v. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original) (citations omitted); see also Miami Nation of Indians v. Babbitt, 979 F. Supp. 771, 777 (N.D. Ind. 1996) ("[A] document need not literally pass before the eyes of the final agency decision maker to be considered part of the administrative record."). The Court must review the record actually before EPA at the time of its

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1  decisions, not a carefully culled record compiled by EPA lawyers in anticipation of litigation.

2  See Florida Power, 470 U.S. at 743-44; see also Citizens to Preserve Overton Park v. Volpe, 401

3  U.S. 402, 420 (1971).

4      Review of a complete record is essential in cases involving allegations that an agency

5  acted arbitrarily and capriciously by *failing* to conduct an adequate investigation or to consider

6  evidence before the agency.  See Love, 858 F.2d at 1358-62; Miami Nation, 979 F. Supp. at 775

7  ("[H]aving the 'whole record' before it is crucial to the court's review under the APA [because] .

8  . . 'the court cannot determine whether the final agency decision reflects the rational outcome of

9  the agency's consideration of all relevant factors when the court has no idea what factors or data

10  were in fact considered by the agency.'") (quoting Lloyd v. Illinois Reg'l Transp. Auth., 548

11  F. Supp. 575, 590-91 (N.D. Ill. 1982)).  To resolve such issues, it is necessary that agencies

12  include drafts, internal communications, and other deliberative materials in their administrative

13  records.  See, e.g., Miami Nation, 979 F. Supp. at 778 (finding record incomplete and ordering

14  agency to include "draft reports," agency "notes and logs," and agency "guidelines, directives,

15  and manuals"); Washington Toxics Coalition v. Dep't of Interior, No C04-1998C, at 3-4 (W.D.

16  Wash. June 14, 2005) ("WTC I") (Osborne-Klein Decl. at Exh. 2) (ordering supplementation of

17  record with internal agency communications).

18      Indeed, since at least 1999, the United States Department of Justice ("DOJ") has

19  instructed federal agencies to include drafts and other deliberative materials in their records.  See

20  DOJ, Guidance to Federal Agencies on Compiling the Administrative Record, at ¶ 3 (January

21  1999) (Osborne-Klein Decl. at Exh. 3) ("DOJ Guidance").[1]  The DOJ Guidance lists the

22  following "kinds of information" that federal agencies should include in their administrative

23

---

24  [1] Also available at http://www.fws.gov/policy/library/usdjguid.wpd (last viewed Nov. 12, 2007)

25  MOTION TO COMPEL FILING OF A COMPLETE
26  ADMINISTRATIVE RECORD (C07-3950 JF)   -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

records:

- Include all documents and materials prepared, reviewed, or received by agency personnel and used by or available to the decision-maker, even though the final decision-maker did not actually review or know about the documents and materials.
. . .

- Include communications the agency received from other agencies and from the public, and any responses to those communications. Be aware that documents concerning meetings between an agency and OMB should be included but may qualify, either partially or fully, for the deliberative process privilege.

- Include documents and materials that contain information that support or oppose the challenged agency decision.
. . .

- As a general rule, do not include internal "working" drafts of documents that were or were not superseded by a more complete, edited version of the same document. Generally, include all draft documents that were circulated for comment either outside the agency or outside the author's immediate office, if changes in these documents reflect significant input into the decision-making process. Drafts, excluding "working" drafts, should be flagged for advice from the DOJ attorney of the Assistant United States Attorney (AUSA) on whether: 1) the draft was not an internal "working" draft; and 2) the draft reflects significant input into the decision-making process.
. . .

- Include memorializations of telephone conversations and meetings, such as a memorandum or handwritten notes, unless they are personal notes.

DOJ Guidance at ¶ 3(b). The DOJ Guidance further provides that "[g]enerally, the administrative record includes privileged documents and materials . . . ." Id. at ¶ 4.

The courts regularly rely on drafts and other deliberative materials to review the lawfulness of agency actions. See, e.g., Southwest Ctr. for Biological Diversity v. Bureau of Reclamation, 143 F.3d 515, 522-3 (9th Cir. 1998) (reviewing drafts included in administrative record in affirming ruling on summary judgment); Karuk Tribe of Cal. v. Forest Serv., 379 F. Supp. 2d 1071, 1098 (N.D. Cal. 2005) (finding that a draft Environmental Impact Statement was

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -5-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

properly included in the administrative record); Greenpeace v. NMFS, 55 F. Supp. 2d. 1248, 1265 (W.D. Wash. 1999) (considering draft documents in evaluating ESA compliance under APA standards). In Washington Toxics Coalition v. Dep't of Interior, 457 F. Supp. 2d 1158 (W.D. Wash. 2006), the court considered a challenge to "counterpart regulations" promulgated by the Fish and Wildlife Service and National Marine Fisheries Service (collectively "Services") that deferred to and accepted EPA's methodology for assessing the effects of pesticides on endangered species. Id. at 1182-84. The Services had initially refused to include deliberative materials in their record. The court ordered the Services to include evidence of "scientific and legal controversy" regarding the sufficiency of EPA's risk assessment methodology "because of its relevance to the issue of whether the agency failed to consider an important aspect of the problem." WTC I, No C04-1998C, at 3-4. The Services complied by submitting emails and other internal communications from a technical team, formed by the Services, that criticized EPA's risk assessment process, but was then disbanded and shut out of the agencies' further review of EPA's risk assessments. 457 F. Supp. 2d at 1182-92. Relying in large part on the technical team critiques, the court held that the Services acted arbitrarily and capriciously by "deciding to promulgate the counterpart regulations in their current state, knowing of the substantial flaws in EPA's methodologies . . . ." Id. at 1193.

As in Washington Toxics Coalition, evidence of legal and scientific disputes concerning the adequacy of EPA's risk assessment methodologies in the present case should be disclosed to the Court. UFW has good reason to believe such evidence exists due to unexplained omissions in EPA's chlorpyrifos decisions. For example, in the 2001 chlorpyrifos reregistration decision, EPA promised to develop methodologies and guidance to evaluate exposure of children to chlorpyrifos after recognizing that children may be specially susceptible to chlorpyrifos and

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -6-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

acknowledging that it lacked sufficient data on the risks to children. Amended Complaint at ¶ 33. However, when EPA revisited the chlorpyrifos registration in 2006, it did not amend its risk assessment or require any additional mitigation to protect children even though additional data on such risks had been submitted to EPA in the interim, and it made no mention of any guidance or methodology for evaluating such risks. Id. at ¶ 44. Indeed, the public docket for chlorpyrifos is conspicuously devoid of evidence of EPA's progress toward developing guidance to evaluate the risks to children. Internal disputes among EPA's staff and scientists regarding the adequacy of EPA's methodology for assessing risks to children, external evidence and intra-agency communications regarding such risks, and drafts of agency guidance for addressing risks to children are critical in determining whether EPA acted lawfully in reregistering chlorpyrifos.

Similarly, in the 2001 chlorpyrifos reregistration decision, EPA acknowledged that application of chlorpyrifos by ground equipment with open cabs posed "risks of concern" to farmworkers and determined that enclosed cabs would provide better protection. See Amended Complaint at ¶¶ 31, 49, 52. Nonetheless, there is no analysis of the economic feasibility of requiring closed cabs in the public docket for chlorpyrifos. If EPA discussed or conducted any such analysis, or if there was internal agency debate regarding the feasibility of requiring closed cabs, such drafts and internal communications are relevant in reviewing EPA's chlorpyrifos decision.[2] Furthermore, it is incredulous for EPA to suggest that economic assessments of closed

---

[2] In a similar case challenging another EPA pesticide registration, United Farm Workers v. Administrator, EPA, No. CV04-0099-RSM (W.D. Wash.), EPA impliedly acknowledged the relevancy of such draft documents. In that case, EPA steadfastly refused to include drafts in the record until, in response to UFW's summary judgment argument regarding closed cabs, EPA hastily added to the record a 1999 draft benefits assessment for closed cabs. See United Farm Workers, CV04-0099-RSM, at 11 (Plaintiffs' Opposition and Reply) (Osborne-Klein Decl. at Exh. 4). EPA's sole consideration of the economic costs of requiring closed cabs occurred in a draft document and EPA submitted it in an attempt to show that it had considered the issue. By filing this motion, UFW is trying to avoid EPA's selective use of drafts and internal

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

cabs embodied in draft documents might be subject to the deliberative process privilege. Such assessments would consist of objective inquiries into the economics of a certain pesticide use and therefore would not "reveal the mental processes of decisionmakers." See Nat'l Wildlife Fed'n v. Forest Service, 861 F.2d 1114, 1119 (9th Cir. 1988); see also TU I, No. C05-1128C, at 8.

EPA's blanket exclusion of drafts, internal communications, and other deliberative materials from the record is inconsistent with the APA's requirement that the court review the whole record. Any record devoid of such materials should be viewed as a "fictional account of the actual decision-making process." See Portland Audubon Soc'y, 984 F.2d at 1548 (citation omitted).

## II. EPA MUST PROPERLY INVOKE THE DELIBERATIVE PROCESS PRIVILEGE IF IT WISHES TO WITHHOLD DELIBERATIVE MATERIALS

While deliberative materials are part of the "whole record" subject to review, there is a qualified deliberative process privilege that allows EPA to withhold a narrow category of records reflecting the opinions and deliberations that are part of the process by which government policies are formulated. See NLRB v. Sears, Roebuck, & Co., 421 U.S. 132, 150 (1975); Trout Unlimited v. Lohn, No. C05-1128C, at 2 (W.D. Wash. June 28, 2006) ("TU II") (Osborne-Klein Decl. at Exh. 5); DOJ Guidance at ¶ 4. The deliberative process privilege justifies the withholding of records only if the government meets its burden of showing that the document is (1) predecisional, and (2) deliberative in nature because disclosure of the document would impermissibly "reveal the mental processes of decisionmakers." Nat'l Wildlife Fed'n, 861 F.2d at 1119; see also FTC v. Warner Communications, Inc., 742 F.2d 1156, 1161 (9th Cir. 1984); Ctr. for Biological Diversity v. Norton, No. Civ. 01-409 TUC ACM, 2002 WL 32136200, at *2-3 (D. Ariz. 2002).

---

communications and to require inclusion of all such documents in the record.

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -8-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

When an agency believes that a record may be withheld pursuant to the deliberative process privilege, the agency must submit a privilege log that identifies specific materials it believes are privileged from disclosure. See People of the State of Cal. ex rel. Lockyer v. Dep't of Agric., Nos. C05-03508 EDL, C05-04038 EDL, 2006 WL 708914, at *4 (N.D. Cal. Mar. 16, 2006) ("If Defendants withhold any documents from the record based on privilege, they shall also provide a privilege log . . . ."); TU II, No. C05-1128C, at 4 (To assert the privilege, an agency must submit a "privilege log" that sets forth "precise and certain reasons for preserving the confidentiality of the information" in adequate detail.); Miami Nation, 979 F. Supp. at 778 ("The United States is expected to specify which materials it contends the deliberative process privilege protects with specificity, in the spirit of Fed. R. Civ. P. 26(b)(5)"); cf. Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable . . . by claiming that it is privileged . . . the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection."); see also DOJ Guidance at ¶ 4 ("If documents and materials are determined to be privileged or protected, the index of record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld."). The government must also "offer 'oral testimony or affidavits that are detailed enough for the district court to make a de novo assessment of the government's claim of exemption.'" Modesto Irrigation Dist. v. Gutierrez, No. 1:06-cv-00453 OWW DLB, 2007 WL 763370, at *5 (E.D. Cal. Mar. 9, 2007) (quoting Maricopa Audubon Soc'y v. Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997)). If the offered proof provides an insufficient basis for determining the applicability of the privilege, the Court may review the records *in camera* to determine whether they are privileged. Modesto, 2007 WL 763370, at *5.

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

The common law deliberative process privilege is qualified. Even if the Court agrees that a record fits within the privilege, "[a] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the Government's interest in non-disclosure." Warner Communications, 742 F.2d at 1161; Ctr. for Biological Diversity, 2002 WL 32136200, at *3 (same); see also United States v. W.R. Grace, 455 F. Supp.2d 1140, 1144 (D. Mont. 2006) ("Once the court has satisfied itself that the assertion of privilege is proper it must [then] make a determination that the agency's interest in withholding the documents outweighs the moving party's interest in securing them."); Modesto, 2007 WL 763370, at *6 (same). In conducting this balancing the Court should consider "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." Warner Communications, 742 F.2d at 1161. For the reasons discussed above, supra at 5-8, any deliberative materials regarding EPA's chlorpyrifos decisions are likely to be relevant and necessary to UFW's claims and, therefore, even if EPA were to properly invoke the deliberative process privilege, it should not be permitted to withhold the deliberative materials. See, e.g., WTC I, No. C04-1998C, at 4 (requiring Services to "produce documents relating to 'past criticisms' of EPA pesticide actions" because "[t]hese materials are relevant and necessary to the current action as evidence of data and information possessed by the Services" at the time of the final agency action). However, to the extent EPA believes otherwise, it must demonstrate the applicability of an asserted privilege to the documents it seeks to withhold from the record.[3]

---

[3] The process for asserting the common law deliberative process privilege is similar to the process for asserting exemptions to the disclosure requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. See Maricopa Audubon Soc'y, 108 F.3d at 1092-93. Under

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -10-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

EPA's position that deliberative materials are not part of the record is inconsistent with long-standing precedent establishing that deliberative materials may only be withheld if EPA demonstrates that (1) such materials are privileged and (2) EPA's interest in withholding the records outweighs the need for the records and accurate fact-finding. EPA must follow the well-established process outlined above if it wishes to withhold records on the basis that they reflect agency deliberations on law or policy; EPA may not unilaterally exclude such records from review on the basis that they are not part of the administrative record.

## CONCLUSION

Judicial review of EPA's decisions to reregister chlorpyrifos must be based on the "whole record" before EPA at the time of its decisions. The Ninth Circuit has been clear that a whole administrative record includes drafts, internal communications, and other deliberative materials. The deliberative process privilege may allow EPA to withhold a narrow subset of records on the basis that they are privileged deliberative materials. However, EPA may only assert the privilege after describing the specific records it wishes to withhold and demonstrating that the privilege is

---

FOIA, the government may withhold "inter-agency or intra-agency memorandums [sic] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). However, unlike the deliberative process exemption in FOIA, the common law deliberative process privilege may be overcome if the Court determines that the "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." See Warner Communications, 742 F.2d at 1161; see also Modesto, 2007 WL 763370, at *10. Some of the plaintiffs recently submitted a FOIA request asking EPA to disclose "all literature; field tests; staff discussions; emails; notes of meetings; evaluations; analyses; and communications between EPA and USDA, AG Extensions, University staff, growers, registrants, and other experts concerning" the chlorpyrifos reregistration decisions. 11/9/2007 FOIA Request at 1 (Osborne-Klein Decl. at Exh. 6). In order to withhold documents under the deliberative process or other privileges under FOIA, EPA would need to identify the withheld documents and demonstrate that they are privileged. See Wiener v. FBI, 943 F.2d 972, 977-79 (9th Cir. 1991); Vaughn v. Rosen, 484 F.2d 820, 823-28 (D.C. Cir. 1973). Given that the common law privilege is qualified and can be overcome by a showing of relevance, it would be ironic if UFW's FOIA request required EPA to identify documents and make a greater showing of the applicability of a privilege than it asserts is required in producing an administrative record in this case.

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -11-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

applicable. Even then, the records may not be withheld if the Court determines that the need for the records outweighs EPA's interests in protecting its deliberative processes.

UFW respectfully requests that the Court compel EPA to produce a complete administrative record that includes drafts, internal communications, and other deliberative materials regarding the chlorpyrifos reregistration decisions in accordance with the schedule agreed upon by the parties in the Joint Case Management Statement.

Respectfully submitted this 16th day of November, 2007.

      /s/ Joshua Osborne-Klein
PATTI GOLDMAN (WSB #24426)
JOSHUA OSBORNE-KLEIN (WSB #36736)
KRISTEN L. BOYLES (CSB #158450)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
pgoldman@earthjustice.org
josborne-klein@earthjustice.org
kboyles@earthjustice.org

SHELLEY DAVIS (DCB #41331)
VIRGINIA RUIZ (CSB #194986)
Farmworker Justice
1126 – 16th Street, N.W., Suite 270
Washington, D.C. 20036
(202) 293-5420
(202) 293-5427 *[FAX]*
sdavis@nclr.org
vruiz@nclr.org

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -12-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

AARON COLANGELO (DCB #468448)
Natural Resources Defense Council
1200 New York Avenue, N.W.
Washington, D.C. 20005
(202) 289-6868
(202) 289-1060 *[FAX]*
acolangelo@nrdc.org

*Attorneys for Plaintiffs United Farm Workers; Sea Mar Community Health Center; Pineros Y Campesinos Unidos Del Noroeste; Beyond Pesticides; Frente Indigena de Organizaciones Binacionales; Farm Labor Organizing Committee, AFL-CIO;Teamsters Local 890; and Pesticide Action Network North America.*

MICHAEL MEUTER (CSB #161554)
JONATHAN GETTLEMAN (CSB #243560)
California Rural Legal Assistance, Inc.
3 Williams Road
Salinas, CA 93905
(831) 757-5221
(831) 757-6212
mmeuter@crla.org
jgettleman@crla.org

*Attorney for Plaintiffs Martha Rodriguez and Silvina Canez*

MOTION TO COMPEL FILING OF A COMPLETE
ADMINISTRATIVE RECORD (C07-3950 JF)   -13-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Washington. I am over 18 years of age and not a party to this action. My business address is 705 Second Avenue, Suite 203, Seattle, Washington.

On November 16, 2007, I served a true and correct copy of the following documents on the parties listed below:

1. Motion to Compel Filing of a Complete Administrative Record;
2. Declaration of Joshua Osborne-Klein; and
3. [Proposed] Order Compelling EPA to Submit a Complete Administrative Record.

Norman L. Rave, Jr.
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 616-7568
(20) 514-8865 *[FAX]*
norman.rave@usdoj.gov
*Attorney for Defendant*

☐ via facsimile
☐ via overnight courier
☐ via certified mail
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk

I, Cheryl McEvoy, declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of November, 2007, at Seattle, Washington.

_Cheryl McEvoy_
Cheryl McEvoy