RONALD J. TENPAS
Acting Assistant Attorney General
NORMAN L. RAVE, JR.
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7568
Fax: (202) 514-8865
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED FARM WORKERS, )    Case No. C 07-03950 JF
AFL-CIO, et al.,           )
                           )
            Plaintiffs,    )    DEFENDANT'S OPPOSITION
                           )    TO PLAINTIFFS' MOTION
      v.                   )    TO COMPEL FILING OF A
                           )    COMPLETE ADMINISTRATIVE
                           )    RECORD
ADMINISTRATOR,             )
UNITED STATES              )
ENVIRONMENTAL              )
PROTECTION AGENCY,         )
            Defendant.     )
_____)

1

# TABLE OF CONTENTS

2

3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

4

I.    DRAFTS, INTERNAL COMMUNICATIONS, AND OTHER

5      DELIBERATIVE DOCUMENTS ARE NOT PROPERLY PART
       OF THE ADMINISTRATIVE RECORD BECAUSE THE

6      AGENCY'S INTERNAL THOUGHT PROCESSES ARE NOT
       WITHIN THE SCOPE OF JUDICIAL REVIEW  . . . . . . . . . . . . . . .  2

7

8

II.   THERE IS NO NEED FOR EPA TO ESTABLISH A PRIVILEGE

9      FOR DOCUMENTS THAT ARE NOT PART OF THE
       ADMINISTRATIVE RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

10

11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Cases**

3

4

Arizona Rehabilitation Hospital, Inc. v. Shalala, 185 F.R.D. 263
  (D. Ariz. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

6

Bar MK Ranches v. Yuetter, 994 F.2d 735 (10th Cir. 1993) . . . . . . . . . . . 3

7

Blue Ocean Inst. v. Gutierrez, 503 F. Supp. 2d 366 (D.D.C. 2007) . . . . . . 13

8

9

Checkosky v. Securities and Exchange Comm'n, 23 F.3d. 452
  (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10

11

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971) . . 2, 3

12

13

Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1
  (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

14

Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985) . . . . . . . . . . . . 7

15

Greenpeace v. NMFS, 55 F. Supp 2d. 1248 (W.D. Wash. 1999) . . . . . . . . 12

16

17

Hall v. Norton, 266 F.3d 969 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 13

18

Karuk Tribe of Cal. v. Forest Serv., 379 F. Supp. 2d 1071
  (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19

20

Lyng v. Payne, 476 U.S. 926 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21

McCulloch Gas Processing Corp. v. Dept. of Energy, 650 F.2d 1216
  (Temp. Emer. Ct. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

23

24

Miami Nation of Indians v. Babbitt, 979 F. Supp. 771 (N.D. Kan. 1996) . . 8

25

Northwest Environmental Advocates v. Nat'l Marine Fisheries Service,
  460 F.3d 1125 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26

27

28

NO. C-07-03950 JF
DEFENDANT'S OPP TO PLAINTIFFS' MOTION TO COMPEL FILING OF A COMPLETE ADMINISTRATIVE RECORD

1
2

Occidental Eng'g. Co. v. Immigration and Naturalization Service, 753 F.2d 766 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3
4

Ohio Valley Environmental Coalition v. Whitman, No. 3:02-0059, 2003 WL 43377 (S.D.W. Va. Jan. 6, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 5

5
6

Southwest Ctr. for Biological Diversity v. Bureau of Reclamation, 143 F.3d 515 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7
8

Town of Norfolk v. United States Army Corps of Eng'rs, 968 F.2d 1438 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9

United States v. Mariea, 795 F.2d 1094 (1st Cir. 1986) . . . . . . . . . . . . . . . 10

10
11

Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519 (1978) . . 11

12
13

Washington Toxics Coalition v. Dep't of Interior, No. C04-1998C (W.D. Wash June 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

14

**Statute**

15

Federal Insecticide Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq*. 2

16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4          Defendant Administrator, United States Environmental Protection
5   Agency, ("EPA") submits this opposition to plaintiffs' "Motion to Compel
6   Filing of a Complete Administrative Record."  As described in the Joint Case
7   Management Statement, EPA is currently in the process of  assembling and
8   indexing the administrative record for the Agency actions that are the subject
9   of this litigation.  EPA intends to include all relevant factual material in the
10  record whether or not it supports the final decision made by the Agency.
11  Accordingly, what plaintiffs seek in their motion is a declaration from this
12  Court that the Agency include within the administrative record internal
13  correspondence, memoranda, and drafts that are part of the Agency's
14  decision-making process, even if those documents contain nothing but
15  evidence of the Agency's deliberative process.  The only possible purpose for
16  including these documents in the record before the Court is to ask the Court
17  to inquire into the mental processes of Agency decision-makers.  Yet, it is a
18  fundamental principle of administrative law that such inquiry is not properly
19  within the scope of judicial review of agency action.  Therefore, because the
20  internal documents that plaintiffs seek to add to the record are not relevant to
21  the issues properly before the Court, plaintiffs' motion should be denied.
22
23
24
25
26
27
28

**ARGUMENT**

**I.    DRAFTS, INTERNAL COMMUNICATIONS, AND OTHER DELIBERATIVE DOCUMENTS ARE NOT PROPERLY PART OF THE ADMINISTRATIVE RECORD BECAUSE THE AGENCY'S INTERNAL THOUGHT PROCESSES ARE NOT WITHIN THE SCOPE OF JUDICIAL REVIEW**

In this case plaintiffs seek review of actions taken by EPA under the Federal Insecticide Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq*.  Plaintiffs do not dispute that the Court's review of these actions should be based on the administrative record.  Joint Case Management Statement at 2.  However, plaintiffs seek to add to the administrative record internal Agency documents (i.e., "draft documents, internal communications, and all other deliberative materials," Mot. at 2) that reflect the Agency's deliberations and thought processes.  Plaintiffs' contentions are contrary to settled principles of administrative law.

The "task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." Northwest Environmental Advocates v. Nat'l Marine Fisheries Service, 460 F.3d 1125, 1144 (9th Cir. 2006) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)).  Judicial review is not to be based on the Court's examination of the mental processes or internal deliberations of the agency.  Citizens to Preserve Overton Park,

Inc. v. Volpe, 401 U.S. 402, 420 (1971).  As the Supreme Court has explained:

> inquiry into the mental processes of administrative decisionmakers is usually to be avoided. . . . And where there are administrative findings that were made at the same time as the decision . . . there must be a strong showing of bad faith or improper behavior before such inquiry may be made.

Overton Park, 401 U.S. at 420.

Nor is the Court to act as a finder of fact.  Occidental Eng'g. Co. v. Immigration and Naturalization Service, 753 F.2d 766, 769 (9th Cir. 1985) (the district court "is not required to resolve any facts in a review of an administrative proceeding.  Certainly, there may be issues of fact before the administrative agency.  However, the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.")

In addition, "the court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary."  Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993).   To overcome that presumption, the plaintiffs must make "a strong showing of bad faith or improper behavior" or must demonstrate that "the record is so bare that it prevents effective judicial review."  Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998).

1
2
3        Plaintiffs have made no such showing here.  Rather, they have simply

4   made a blanket request that the Court order EPA to include within the record

5   all documents reflecting the Agency's internal deliberations.  Such

6   documents are not properly included in the administrative record for judicial

7   review.  The Court's role in this case is to determine whether the decisions

8   under review are consistent with the requirements of FIFRA and whether

9   they are arbitrary or capricious in light of the factual material in the record.

10  As numerous courts have held, who-said-what-to-whom in the course of

11  reaching the Agency's decisions is not pertinent to the Court's review.

12

13  Checkosky v. Securities and Exchange Comm'n, 23 F.3d. 452, 489 (D.C. Cir.

14  1994) ("In passing on final agency action, we therefore have refused to

15  consider transcripts of closed agency meetings or 'intra-agency memoranda

16

17  and documents recording the deliberative process leading to' the agency's

18  decision," quoting Kansas State Network, Inc. v. FCC, 720 F.2d 185, 191

19

20  (D.C. Cir. 1983));[1]/   Town of Norfolk v. United States Army Corps of

21  Eng'rs, 968 F.2d 1438, 1458 (1st Cir. 1992) (notes and drafts not part of

22

23  administrative record); McCulloch Gas Processing Corp. v. Dept. of Energy,

24  650 F.2d 1216, 1229-30 (Temp. Emer. Ct. App. 1981) (reversing District

25
_____

26  [1]/ Although the court in Checkosky issued three separate opinions, all members of the panel
27  adopted the section of Judge Randolph's opinion rejecting the plaintiffs' claim for discovery.
    23 F.3d at 454.

28  NO. C-07-03950 JF
    DEFENDANT'S OPP TO PLAINTIFFS' MOTION TO COMPEL FILING OF A COMPLETE ADMINISTRATIVE RECORD

                                    4

1    Court for its use of depositions probing rulemaker's expertise and experience

2    and the routes by which rules were developed); <u>Ohio Valley Environmental</u>

3

4    <u>Coalition v. Whitman</u>, No. 3:02-0059, 2003 WL 43377 (S.D.W. Va.  Jan. 6,

5    2003) (attached) ("internal reports, memoranda, and e-mails created by EPA

6

7    staff for the use of other EPA staff" are not part of the administrative record);

8    <u>Arizona Rehabilitation Hospital, Inc. v. Shalala</u>, 185 F.R.D. 263 (D. Ariz.

9    1998) (draft document not part of administrative record).

10
          The court in <u>Ohio Valley Environmental Coalition</u> explicitly
11

12    considered and rejected claims identical to those being made by plaintiffs

13    here, <u>i.e.</u>, that documents reflecting the agency's internal deliberations should

14

15    be included in the administrative record.  2003 WL 43377  at *6.  The

16    plaintiffs in that case, like those here, sought to include in the record

17    "internal reports, memoranda, and e-mails created by EPA staff for the use of

18

19    other EPA staff."  <u>Id.</u>   The court rejected that claim noting that the plaintiffs

20    were "attempting to inject internal EPA deliberations into the court's

21    review," even though "judicial review of a decision by an administrative

22

23    agency is based on the reasons given by the agency and the information

24    considered by the agency in the course of making the decision, not on the

25    agency's internal decision-making process."  <u>Id.</u>, citing <u>PLMRS Narrowband</u>

26

27    <u>Corp. v. F.C.C.</u>, 182 F.3d 995, 1001 (D.C. Cir. 1999).  The court noted that

28

1  inclusion of such documents "would also threaten to hamper the

2  administrative process" by hindering the candor of exchanges within the

3

4  agency.  Id.  The same rationale applies in this case.

5      None of the cases cited by plaintiffs provides a basis for this Court to

6  require EPA to include deliberative material in the administrative record.

7

8  Although plaintiffs assert that the Ninth Circuit has determined that drafts,

9  internal communications, and other deliberative materials are part of the

10 administrative record, Mot. at 2, 11, plaintiffs cite no case in which the Ninth

11

12 Circuit has addressed the issue.  Rather, plaintiffs rely on generic statements

13 that the administrative record must consist of all documents considered by the

14

15 Agency.  Mot. at 3.  Not only are these general statements far from a specific

16 holding that the administrative record must include deliberative materials, but

17 the documents that plaintiffs seek to add to the record here, i.e., internal

18

19 drafts, correspondence, or memoranda, are not documents that were

20 considered by the Agency in reaching its decision, but rather embody the

21 Agency's consideration of the facts in the record.  EPA agrees with plaintiffs

22

23 that all factual material before the Agency at the time it made its decision

24 should be included in the record.  However, the documents sought by

25

26 plaintiffs are not limited to factual material, but rather extend to the Agency's

27

28

1    internal deliberations in analyzing and considering that material.  Such

2    documents are not appropriately part of the administrative record.

3

4         Plaintiffs also assert that the documents they seek should be added to

5    the record to enable the Court to determine whether the Agency considered

6    the proper factors.  Mot. at 4.  However, the Supreme Court has rejected that

7    position, holding that judicial review must be based on the administrative

8    record presented to the court.  If the agency's decision is not sufficiently

9    clear, the court's role is not to conduct its own inquiry but to remand the

10   matter to the agency for a fuller explanation.  <u>Florida Power & Light</u>, 470

11   U.S. at 744.  Specifically, the Supreme Court held:

12

13   > If the record before the agency does not support the agency
> action, if the agency has not considered all relevant factors, or if
> the reviewing court simply cannot evaluate the challenged
> agency action on the basis of the record before it, the proper
> course, except in rare circumstances, is to remand to the agency
> for additional investigation or explanation. The reviewing court
> is not generally empowered to conduct a *de novo* inquiry into the
> matter being reviewed and to reach its own conclusions based on
> such an inquiry.

14

15

16

17

18

19

20

21   <u>Id.</u>

22

23        The cases cited by plaintiffs to support their claim that the Court

24   should consider deliberative material to determine if the Agency considered

25   all relevant factors (Mot. at 4) are inapposite because in those case the courts

26   determined that relevant <u>factual</u> material had not been included in the record,

27

28   NO. C-07-03950 JF
DEFENDANT'S OPP TO PLAINTIFFS' MOTION TO COMPEL FILING OF A COMPLETE ADMINISTRATIVE RECORD

which is not the case here.  Plaintiffs have made no such showing, and cannot because EPA has not yet even designated the record.  Rather, plaintiffs seek the addition of documents to the record that are solely deliberative.

The first case cited by plaintiffs is <u>Miami Nation of Indians v. Babbitt</u>, 979 F. Supp. 771 (N.D. Kan. 1996).  That case does not support plaintiffs' motion because the documents the <u>Miami Nation</u> court ordered added to the record primarily contained factual information and were not the sort of deliberative documents sought by plaintiffs.  Specifically , the court ordered the United States to produce draft reports prepared by a consultant, draft reports and notes and logs produced by the Department of the Interior's Branch of Acknowledgment and Research (which were similar to other material already in the record), and guidance documents.  <u>Id.</u> at 778.  Furthermore, the <u>Miami Nation</u> court specifically recognized that deliberative documents were not appropriate for judicial review and provided that the United States could assert deliberative process privilege for appropriate documents.  <u>Id.</u>  at 778-80.  Thus, the documents that the plaintiffs sought to add to the record in <u>Miami Nation</u> were the records of the factual research that the Department of the Interior had relied on in making its determination on tribal status.  The court's decision in that case does not support plaintiffs' claim that deliberative documents should be added to the record here.

The second case cited by plaintiffs is <u>Washington Toxics Coalition v.</u> <u>Dep't of Interior</u>, No. C04-1998C (W.D. Wash June 14, 2005) (Mot. Ex. 2). The court's decision in that case ordering the Fish and Wildlife Service to produce deliberative documents was based on a specific finding that "Plaintiffs have shown to the Court's satisfaction that the evidence before the Service's decisionmakers likely included evidence contrary to the Services' ultimate findings, and that this evidence is likely contained in documents pertaining to internal agency deliberations preceding the ultimate findings." <u>Id.</u> at 2. Thus, the court's Order was based on a finding that relevant <u>factual</u> information had not been included in the administrative record.  In assembling the administrative record for this case, EPA intends to include all relevant factual information that was before the Agency at the time the decision was made, whether or not it supports EPA's decision, and plaintiffs have provided no evidence that the Agency will not do so.  Thus, the circumstances on which the court in <u>Washington Toxics Coalition</u> based its decision are not present in this case.

Plaintiffs attempt to support their argument that deliberative documents are part of the record on review by improperly relying on a memorandum prepared several years ago by a component of the Department of Justice that provided general guidance to government litigators and client agencies on

1   how to compile administrative records in actions challenging informal agency

2   action under the APA.  Mot. at 4-5.  The memorandum does not represent a

3

4   formal policy of the Department of Justice and is not an official directive of

5   the Environment and Natural Resources Division ("ENRD").  On the

6   contrary, ENRD's position, as articulated here, is that deliberative documents

7

8   are not properly part of the administrative record on review.  In addition, that

9   memorandum by its terms "provides only internal Department of Justice

10  guidance" and  "does not create any rights, substantive or procedural, which

11

12  are enforceable at law by any party."  Mot. Ex. 3 at 7.  <u>See</u>, <u>e.g.</u>, <u>Lyng v.</u>

13  <u>Payne</u>, 476 U.S. 926, 937 (1986) ("not all agency publications are of binding

14

15  force"); <u>United States v. Mariea</u>, 795 F.2d 1094, 1102 n.22 (1st Cir. 1986)

16  (memorandum of understanding between Departments of Justice and Defense

17  established "informal guidelines * * * promulgated for purposes of

18

19  administrative convenience" and did not give defendants any enforceable

20  right).  Moreover, Plaintiff's interpretation of the guidance is inconsistent

21  with the settled law discussed above, and Plaintiff's view that deliberative

22

23  documents must be included in administrative records is incorrect.[2]/

24  _____

25  [2]/ In addition, each agency must compile the administrative record with an eye
    to the governing statutory and regulatory standards, the type of administrative
26  proceeding, and other factors. <u>See</u>, <u>e.g.</u>, <u>Vermont Yankee Nuclear Power Corp.</u>
    <u>v. NRDC</u>, 435 U.S. 519, 544 (1978) (referring to the "very basic tenet of
27  administrative law that agencies should be free to fashion their own rules of

28  NO. C-07-03950 JF

1    Furthermore, the statements from the guidance quoted by plaintiffs do

2    not support their position.  The first quoted statement, i.e., that all documents

3    prepared, reviewed, or received by agency personnel are part of the record,

4    must be read in context of the basic principle, reflected in the caselaw cited

5    above and numerous briefs filed by the Department of Justice, that the

6    administrative record for judicial review does not include materials related to

7    the agencies' deliberative process because such documents are outside the

8    Court's scope of review.  The second and third bullets quoted by plaintiffs

9    (concerning communications and factual material) are not relevant because

10   EPA intends to include in the record communications with other entities and

11   all factual material.  The fourth quoted bullet directly contradicts plaintiffs'

12   position because it states that internal working drafts of documents are not

13   part of the administrative record.  Finally, the statement that the record

14   includes privileged materials also does not support plaintiffs' claim because

15   the question of whether a document is privileged is only relevant if the

16   document falls within a category that is appropriately part of the record.  If it

17

18   procedure" and noting that "the agency should normally be allowed to exercise
     its administrative discretion in deciding how, in light of internal organization
19   considerations, it may best proceed to develop the needed evidence.") (Internal
     quotation marks omitted.) Here, EPA will compile the administrative record in
20   full accordance with the applicable law, and nothing more is required.

does not because it is not relevant to judicial review, then it is not part of the record whether it is privileged or not.

The cases cited by plaintiffs provide no support for plaintiffs' statement that "courts regularly rely on drafts and other deliberative materials to review the lawfulness of agency actions." Mot. at 5. In three of the four cases cited by plaintiffs, there was no dispute whether the document should be included in the record, and the "drafts" referred to were not drafts in the sense of internal working drafts, but rather proposals that were made public in order to receive a response. EPA agrees that any such documents should be part of the administrative record.

Specifically, in both Southwest Ctr. for Biological Diversity v. Bureau of Reclamation, 143 F.3d 515, 522-23 (9th Cir. 1998), and Greenpeace v. NMFS, 55 F. Supp 2d. 1248, 1265 (W.D. Wash. 1999), the document at issue was  a draft reasonable and prudent alternative ("RPA") included in a biological opinion, and thus a public document. Furthermore, while the court in Greenpeace had to determine whether the draft RPA was part of the decision under review, there was no dispute that it was part of the record. Karuk Tribe of Cal. v. Forest Serv., 379 F. Supp. 2d 1071, 1089 (N.D. Cal. 2005), involved a draft Environmental Impact Statement ("EIS") that all parties agreed was part of the administrative record. The process of

preparing an EIS includes putting a draft EIS out for public comment, and such drafts are reasonably part of the record.

The fourth case cited by plaintiffs is <u>Washington Toxics</u>, in which, as discussed above, the Court found specific evidence that the documents plaintiffs sought to add contained factual information.  Plaintiffs have made no such showing here.  Instead plaintiffs offer nothing but speculation that similar documents <u>might</u> exist in this case and that EPA <u>might</u> not include them in the record.  Mot. at 6-8.  Such speculation does not constitute the "strong showing of bad faith or improper behavior" needed to overcome the presumption that EPA has properly designated the record.  <u>Hall v. Norton</u>, 266 F.3d 969, 977-78 (9th Cir. 2001);  <u>Commercial Drapery Contractors</u>, 133 F.3d at 7; <u>Blue Ocean Inst. v. Gutierrez</u>, 503 F. Supp. 2d 366, 371 (D.D.C. 2007).

Moreover, plaintiffs rely on a non sequitur.  Plaintiffs assert that EPA has previously stated that it lacked sufficient data to assess risks to children and that it was concerned about risks posed to operators in open cabs.  Mot. at 6-8. Plaintiffs then assert that the fact that there are no documents in the public record on these two issues is evidence that documents must exist on these subjects.  <u>Id.</u>  It is patently illogical to speculate that EPA must have documents simply because there are none in the record.

There is also no basis for plaintiffs' assumption that EPA would not include such hypothetical documents in the administrative record, if they exist. In particular, there is simply no basis for plaintiffs to assume that EPA will assert that "economic assessments of closed cabs" are subject to the deliberative process privilege. Mot. at 7-8. EPA is still assembling the record and plaintiffs have presented no evidence that such documents exist. Moreover, if EPA does identify such documents in the course of assembling the record, neither plaintiffs nor the Court have any basis to guess whether EPA would claim that they were privileged. Plaintiffs' assumptions about both the existence of documents and EPA's behavior are baseless and should be rejected.

## II.    THERE IS NO NEED FOR EPA TO ESTABLISH A PRIVILEGE FOR DOCUMENTS THAT ARE NOT PART OF THE ADMINISTRATIVE RECORD

There is no basis for plaintiffs' assertion that the Court should impose upon EPA the burden of establishing the deliberative process privilege for internal drafts, correspondence, and other deliberative documents. Mot. at 8-11. As demonstrated above, the only possible purpose of including such documents in the record is to inquire into the mental processes of Agency decisionmakers, which is outside the scope of this Court's review of the Agency's actions. See pages 3-7, supra. These documents are not relevant to

NO. C-07-03950 JF
DEFENDANT'S OPP TO PLAINTIFFS' MOTION TO COMPEL FILING OF A COMPLETE ADMINISTRATIVE RECORD

this Court's review, and thus are not part of the administrative record for

judicial review.  Therefore, it is not relevant whether the documents would

qualify for the deliberative process privilege if they were relevant.

Plaintiffs' assertions about the invocation of privilege with regard to

EPA's response to plaintiffs' Freedom of Information Act ("FOIA") request,

Mot. at 11 n.3, is another non sequitur.  The standards for disclosure under

FOIA are not the same as the criteria for determining what goes in the

administrative record for judicial review.  A privileged document may be

responsive to plaintiffs' broad FOIA request, in which case EPA would be

required to invoke the privilege, but not part of the administrative record

because it is internal and deliberative.  Because the document is not part of

the record in the first place there is no reason for the Agency to invoke

privilege for purposes of the litigation.

Assembling and indexing the administrative record for the Agency

actions under review is a substantial undertaking.  The reregistration of

chlorpyrifos took place over more than a decade and involved a large number

of Agency personnel.  EPA believes that the administrative record will

include more than 1000 documents.  Because of the nature of the

reregistration process there is no central docket for all record documents, and

thus assembling the record requires the review of numerous individual files.

If the Agency were also required to identify, index, and make a privilege

determination for what potentially could be a large number of additional

documents, the burden would be enormous.  Such an exercise would not

serve any legitimate purpose, since the documents would still not serve as the

basis for this Court's review.  Accordingly, the Court should reject plaintiffs'

request that EPA be required to prepare a privilege log for deliberative

documents that are not properly part of the administrative record.

## CONCLUSION

The caselaw overwhelming demonstrates that the deliberative

documents sought by plaintiffs are not properly part of the administrative

record for judicial review.  Accordingly, plaintiffs' motion should be denied.

Respectfully submitted,

November 30, 2007                    RONALD J. TENPAS
                                     Acting Assistant Attorney General

                                        /S/ Norman L. Rave, Jr.
                                     NORMAN L. RAVE, JR.
                                     Trial Attorney
                                     United States Department of Justice
                                     Environment and Natural Resources
                                       Division
                                     P.O. Box 23986
                                     Washington, D.C. 20026-3986
                                     Tel: (202) 616-7568
                                     Fax: (202) 514-8865

                                     Counsel for Defendant