1    Laurence A. Weiss (Bar No. 164638)
        Laurence.Weiss@hellerehrman.com
2    HELLER EHRMAN LLP
     275 Middlefield Road
3    Menlo Park, CA  94025-3506
     Telephone:     650.324.7000
4    Facsimile:     650.324.0638

5    David B. Weinberg (D.C. Bar # 186247)
        dweinberg@wileyrein.com
6    Eric Andreas (D.C. Bar # 462777)
        eandreas@wileyrein.com
7    David E. Markert (D.C. Bar #502486)
        dmarkert@wileyrein.com
8    WILEY REIN LLP
     1776 K Street NW
9    Washington, DC  20006
     Telephone:     202.719.7000
10   Facsimile:     202.719.7049

11   Attorneys for Intervenor-Defendant
     Dow AgroSciences LLC

12

13                **UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14                     **SAN JOSE DIVISION**

15

16   UNITED FARM WORKERS, AFL-CIO,         )   Case No. C 07-03950 JF
     et al.,                               )
17                                         )
                      Plaintiffs,          )   **[PROPOSED] ANSWER OF**
                                           )   **INTERVENOR-DEFENDANT**
18                                         )   **DOW AGROSCIENCES LLC TO**
          v.                               )   **FIRST AMENDED COMPLAINT**
19                                         )
                                           )
20   ADMINISTRATOR,                        )
     UNITED STATES ENVIRONMENTAL           )
21   PROTECTION AGENCY,                    )
                                           )
22                    Defendant.           )
     _____)

23        Intervenor Dow AgroSciences LLC ("DAS") answers Plaintiffs' First Amended

24   Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

25        1.    DAS denies the first, fourth, fifth, and sixth sentences of Paragraph 1.  The

26   remainder of Paragraph 1 consists of Plaintiffs' conclusions of law to which no response is

27   required.

28

PROPOSED ANSWER
C 07-03950 JF   - 1 -

2.     Paragraph 2 consists of Plaintiffs' characterization of their claims in this lawsuit, the relief they seek, and conclusions of law, to which no response is required.

3.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.     DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

9.1    DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.1 and therefore denies them.

10.    DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.    DAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.    DAS admits that Stephen L. Johnson is Administrator of U.S. EPA, a federal agency.  As to the remaining allegations in Paragraph 12, the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") speaks for itself and thus no response is required.

13.    DAS denies the allegations in Paragraph 13.

14.    DAS admits that chlorpyrifos is an organophosphate insecticide and that some organophosphates were developed during World War II, but denies that chlorpyrifos was

PROPOSED ANSWER
C 07-03950 JF    - 2 -

1  developed during World War II.  DAS denies the remaining allegations of Paragraph 14.

2      15.  DAS denies the first sentence of Paragraph 15.  DAS admits that extreme

3  exposures to organophosphates, including chlorpyrifos, have been associated with some of the

4  effects listed in the second and third sentences of Paragraph 15, but denies that such exposures

5  occur when its products are used in accordance with label directions.  The fourth sentence of

6  Paragraph 15 purports to characterize scientific studies which speak for themselves and are the

7  best evidence of their contents.

8      16.  DAS admits that inhalation, ingestion, and dermal contact are potential pathways

9  for exposure to chlorpyrifos.  DAS denies the remaining allegations of Paragraph 16.

10      17.  With regard to the allegations in the first and second sentences of paragraph 17,

11  DAS admits that chlorpyrifos can become airborne after being deposited on soil and leaf surfaces

12  and that this phenomenon is more likely to occur at high temperatures.  DAS denies the remaining

13  allegations in the first three sentences of paragraph 17.  The fourth sentence of Paragraph 17

14  purports to characterize air monitoring tests which speak for themselves and are the best evidence

15  of their contents.

16      18.  DAS admits the allegations in the first two sentences of Paragraph 18.  DAS is

17  without knowledge or information sufficient to form a belief as to the truth of the allegations in

18  the remaining sentences of Paragraph 18 and therefore denies them on that basis.

19      19.  DAS admits the allegations in the first two sentences of Paragraph 19, but clarifies

20  that the cancellations of residential uses for chlorpyrifos pursuant to the 2000 agreement were

21  voluntary cancellations.  With regard to the third sentence of Paragraph 19, DAS admits that

22  protection of corn crops is the largest agricultural use of chlorpyrifos, s, but is without knowledge

23  or information sufficient to form a belief as to the truth of the remaining allegations in the

24  sentence and therefore denies them on that basis.

25      20.  Paragraph 20 merely cites and summarizes FIFRA, which speaks for itself; thus no

26  response is required.

27      21.  Paragraph 21 merely cites and summarizes FIFRA, which speaks for itself; thus no

28  response is required.

PROPOSED ANSWER
C 07-03950 JF    - 3 -

22.    Paragraph 22 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

23.    Paragraph 23 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

24.    DAS admits EPA conducts human health risk assessments as part of the pesticide reregistration process.  The second and third sentences of Paragraph 24 merely summarize and characterize EPA's human health risk assessments, which speak for themselves; thus no response is required.

25.    The first two sentences of Paragraph 25 merely summarize and characterize EPA's human health risk assessments, which speak for themselves; thus no response is required.  DAS denies the remaining allegation of Paragraph 25.

26.    DAS denies the allegations contained in the first two sentences of Paragraph 26. The third sentence of Paragraph 26 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

27.    DAS admits that EPA prepares ecological assessments in determining whether to register or reregister a pesticide.  DAS denies the remaining allegations of the first sentence of Paragraph 27.  DAS denies the second sentence of Paragraph 27, except to admit that EPA has established levels of concern for non-target wildlife based on registrant-generated data.  The allegations in the third sentence of Paragraph 27 purport to characterize EPA's ecological risk assessments, which speak for themselves; thus no response is required.  The allegations in the fourth and fifth sentences of Paragraph 27 contain conclusions of law, to which no response is required.

28.    The first sentence of Paragraph 28 contains conclusions of law to which no response is required.  DAS denies the allegation in the second sentence of Paragraph 28.  The third sentence of Paragraph 28 purports to characterize reports which speak for themselves; thus no response is required.  DAS denies the allegations in the fourth sentence of Paragraph 28.

29.    DAS admits only that EPA issued the chlorpyrifos IRED in 2001; the remaining allegations in Paragraph 29 characterize the IRED, which speaks for itself; thus no response is

1 | required.

2 | 30.     Paragraph 30 characterizes the IRED, which speaks for itself; thus no response is

3 | required.

4 | 31.     Paragraph 31 characterizes the IRED, which speaks for itself; thus no response is

5 | required.

6 | 32.     The first and second sentences of Paragraph 32 characterize the IRED, which

7 | speaks for itself; thus no response is required.  The third sentence of Paragraph 32 characterizes

8 | the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which

9 | speaks for itself; thus no response is required.

10 | 33.     Paragraph 33 characterizes the IRED, which speaks for itself; thus no response is

11 | required.

12 | 34.     Paragraph 34 characterizes the IRED, which speaks for itself; thus no response is

13 | required.

14 | 35.     Paragraph 35 characterizes the IRED, which speaks for itself; thus no response is

15 | required.

16 | 36.     Paragraph 36 characterizes the IRED, which speaks for itself; thus no response is

17 | required.

18 | 37.     The first sentence of Paragraph 37 characterizes FIFRA, which speaks for itself;

19 | thus no response is required.  The second sentence of Paragraph 37 is too vague and ambiguous to

20 | enable DAS to admit or deny.  DAS denies the allegations contained in the third and fourth

21 | sentences of Paragraph 37.

22 | 38.     Paragraph 38 characterizes the IRED, which speaks for itself; thus no response is

23 | required.

24 | 39.     The first sentence of Paragraph 39 characterizes the IRED, which speaks for itself;

25 | thus no response is required.  DAS denies the remaining allegations of Paragraph 39.

26 | 40.     The first sentence of Paragraph 40 characterizes the IRED, which speaks for itself;

27 | thus no response is required.  DAS denies the remaining allegations of Paragraph 40.

28 | 41.     DAS admits that the IRED was called "interim."  The remainder of Paragraph 41

1    characterizes the Food Quality Protection Act ("FQPA"), which speaks for itself; thus no

2    response is required.

3        42.    Paragraph 42 characterizes the Federal Food Drug and Cosmetic Act ("FFDCA"),

4    which speaks for itself; thus no response is required.

5        43.    The first and second sentences of Paragraph 43 characterize the FQPA, which

6    speaks for itself; thus no response is required.  The allegations in the third sentence of Paragraph

7    43 purport to quote a public EPA finding in a Federal Register notice, which speaks for itself;

8    thus no response is required.

9        44.    Paragraph 44 characterizes the EPA Memorandum Finalizing IREDs for

10    Organophosphate Pesticides, July 31, 2006, which speaks for itself; thus no response is required.

11        45.    DAS incorporates by reference its responses to Paragraphs 14 through 44 as

12    though set forth in full.

13        46.    Paragraph 46 characterizes and quotes portions of FIFRA, which speaks for itself;

14    thus no response is required.

15        47.    Paragraph 47 merely cites and summarizes FIFRA, which speaks for itself; thus no

16    response is required.

17        48.    DAS denies the allegations in Paragraph 48.

18        49.    Paragraph 49 purports to characterize the IRED, which speaks for itself; thus no

19    response is required.

20        50.    Paragraph 50 purports to characterize the IRED, which speaks for itself; thus no

21    response is required.

22        51.    Paragraph 51 purports to characterize the IRED, which speaks for itself; thus no

23    response is required.

24        52.    The first sentence of Paragraph 52 characterizes FIFRA, which speaks for itself;

25    thus no response is required.  The second sentence of Paragraph 52 purports to characterize the

26    EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which

27    speaks for itself; thus no response is required.  The third and fourth sentences of Paragraph 52

28    contain conclusions of law, to which no response is required.

PROPOSED ANSWER
C 07-03950 JF    - 6 -

53.     DAS incorporates by reference its responses to Paragraphs 14 through 44 as though set forth in full.

54.     The first and third sentences of Paragraph 54 merely cite and summarize FIFRA, which speaks for itself; thus no response is required.  The second sentence of Paragraph 54 contains conclusions of law, to which no response is required.

55.     The first sentence of Paragraph 55 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.  The second, fourth, fifth, sixth, and seventh sentences of Paragraph 55 contain conclusions of law, to which no response is required.  The allegations in the third sentence of Paragraph 55 are vague and ambiguous, and DAS therefore denies them on that basis.

56.     Paragraph 56 purports to characterize the IRED, which speaks for itself; thus no response is required.

57.     Paragraph 57 purports to characterize the IRED, which speaks for itself; thus no response is required.

58.     The first, second, and third sentences of Paragraph 49 quote and purport to characterize the IRED, which speaks for itself; thus no response is required.  The fourth sentence of Paragraph 58 characterizes the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speaks for itself; thus no response is required.  The fifth and sixth sentences of Paragraph 58 contain conclusions of law, to which no response is required.

**PRAYER FOR RELIEF**

DAS denies that Plaintiffs are entitled to the relief requested.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, DAS denies each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

A.     Plaintiffs have failed to state a claim upon which relief can be granted.

B.     Plaintiffs have failed to exhaust their administrative remedies.

C.     Plaintiffs lack standing to bring this case.

PROPOSED ANSWER
C 07-03950 JF    - 7 -

1        D.    This Court lacks jurisdiction over the subject matter of this case.

2        WHEREFORE, for these reasons, DAS requests that the Court deny Plaintiffs' Complaint

3    with prejudice, that Dow AgroSciences LLC be awarded its costs in this action, and that the Court

4    grant such other and further relief as may be appropriate.

5

6        Respectfully submitted,

7        HELLER EHRMAN LLP

8

9        By:/s/ Laurence A. Weiss

10   David B. Weinberg (D.C. Bar # 186247)    Laurence A. Weiss
       dweinberg@wileyrein.com      Laurence.Weiss@hellerehrman.com

11   Eric Andreas (D.C. Bar # 462777)    HELLER EHRMAN LLP
       eandreas@wileyrein.com      275 Middlefield Road

12   David E. Markert (D.C. Bar #502486)    Menlo Park, CA  94025-3506
       dmarkert@wileyrein.com      Telephone:   650.324.7000

13   WILEY REIN LLP    Facsimile:    650.324.0638
     1776 K Street NW

14   Washington, DC  20006
     Telephone:    202.719.7000

15   Facsimile:    202.719.7049

16   DATED:   December 12, 2007

17       Attorneys for Intervenor-Defendant Dow AgroSciences LLC

18

19

20

21

22

23

24

25

26

27

28

PROPOSED ANSWER
C 07-03950 JF    - 8 -