1   Laurence A. Weiss (Bar No. 164638)
        Laurence.Weiss@hellerehrman.com
2   HELLER EHRMAN LLP
    275 Middlefield Road
3   Menlo Park, CA  94025-3506
    Telephone:    650.324.7000
4   Facsimile:    650.324.0638

5   David B. Weinberg (D.C. Bar # 186247)
        dweinberg@wileyrein.com
6   Eric Andreas (D.C. Bar # 462777)
        eandreas@wileyrein.com
7   David E. Markert (D.C. Bar #502486)
        dmarkert@wileyrein.com
8   WILEY REIN LLP
    1776 K Street NW
9   Washington, DC  20006
    Telephone:    202.719.7000
10  Facsimile:    202.719.7049

11  Attorneys for Intervenor-Defendant
    Dow AgroSciences LLC

12

13                  **UNITED STATES DISTRICT COURT**
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14                        **SAN JOSE DIVISION**

15
    UNITED FARM WORKERS, AFL-CIO,          )   Case No. C 07-03950 JF
16  et al.,                                )
                                           )
17                         Plaintiffs,     )   **NOTICE OF MOTION, MOTION TO**
                                           )   **INTERVENE, AND MEMORANDUM**
18                                         )   **OF POINTS AND AUTHORITIES IN**
                                           )   **SUPPORT OF MOTION**
19           v.                            )
                                           )   Date:   Friday, February 1, 2008
20  ADMINISTRATOR,                         )   Time:  9:00 AM
    UNITED STATES ENVIRONMENTAL            )   Courtroom 3, 5th Floor
21  PROTECTION AGENCY,                     )
                                           )   The Honorable Jeremy Fogel
22                         Defendant.      )
    _____)
23

24

25

26

27

28
    MOTION TO INTERVENE AND
    SUPPORTING MEMORANDUM
    C 07-03950 JF

1

## TABLE OF CONTENTS

2

3    NOTICE TO PLAINTIFFS, DEFENDANT, AND THEIR ATTORNEYS OF RECORD ............ 1

4    POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE .......................... 2

5    STATEMENT OF THE ISSUES .................................................................................................. 2

6    RELEVANT FACTS ................................................................................................................... 3

7    ARGUMENT ............................................................................................................................... 5

8        I.    INTERVENTION AS OF RIGHT SHOULD BE GRANTED ........................................... 5

9            A.    This Motion To Intervene Is Timely ................................................................ 5

10           B.    DAS Has Significantly Protectable Interests In This Case ............................... 6

11           C.    Disposition Of This Case May Affect DAS' Interests ...................................... 8

12           D.    The Existing Parties Do Not Adequately Represent DAS' Interests ................ 8

13       II.    PERMISSIVE INTERVENTION SHOULD BE GRANTED ........................................... 10

14   CONCLUSION ............................................................................................................................ 11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

Animal Protection Institute v. Martin,
    241 F.R.D. 66 (D. Me. 2007).............................................................. 7

Cemex, Inc. v. County of Los Angeles,
    92 F. A'ppx 457 (9th Cir. 2004) ........................................................ 5

Dimond v. District of Columbia,
    792 F.2d 179 (D.C. Cir. 1986) ........................................................... 9

Forest Conservation Council v. United States Forest Service,
    66 F.3d 1489 (9th Cir. 1995) ......................................................... 6, 9

Fund for Animals v. Norton,
    322 F.3d 728 (D.C. Cir. 2003).......................................................... 9

Kootenai Tribe of Idaho v. Veneman,
    313 F.3d 1094 (9th Cir. 2002) .................................................... 10, 11

Nader v. Ray,
    363 F. Supp. 946 (D.D.C. 1973)......................................................... 7

Natural Resources Defense Council v. Costle,
    561 F.2d 904 (D.C. Cir. 1977)........................................................... 9

Natural Resources Defense Council v. EPA,
    99 F.R.D. 607 (D.D.C. 1983) .................................................. 6, 9, 10

Northwest Forest Resource Council v. Glickman,
    82 F.3d 825 (9th Cir. 1996) .............................................................. 7

People for the Ethical Treatment of Animals v. Babbitt,
    151 F.R.D. 6 (D.D.C. 1993) .............................................................. 7

Sierra Club v. EPA,
    995 F.2d 1478 (9th Cir. 1993) ........................................................... 7

Sierra Club v. Espy,
    18 F.3d 1202 (5th Cir. 1994) ............................................................. 5

Siskiyou Regional Education Project v. United States Forest Service,
    No. Civ. 03-3013-CO, 2003 WL 23976354 (D. Or. June 16, 2003)................. 6

Southwest Center for Biological Diversity v. Berg,
    268 F.3d 810 (9th Cir. 2001) ........................................................ 5, 8

Trbovich v. United Mine Workers of America,
    404 U.S. 528 (1972) ...................................................................... 8

United States v. Alisal Water Corp.,
370 F.3d 915 (9th Cir. 2004) ............................................................. 5, 6

United States v. Lauer,
242 F.R.D. 184, 186 (D. Conn. 2007) ................................................. 6

United States v. Oregon,
745 F.2d 550 (9th Cir. 1984) ............................................................. 5


**FEDERAL STATUTES**

5 U.S.C. § 551 ................................................................................... 6

7 U.S.C. § 136 ................................................................................... 3

7 U.S.C. § 136a ................................................................................. 3

7 U.S.C. § 136a-1 ........................................................................... 2, 3

7 U.S.C. § 136d ................................................................................ 2


**MISCELLANEOUS**

Charles Alan Wright & Arthur R. Miller,
FEDERAL PRACTICE AND PROCEDURE § 1916 (1972) ......................... 5

Fed. R. Civ. P. 24(a) .................................................................. 5, 6, 10

Fed. R. Civ. P. 24(b) ..................................................................... 10

1    **NOTICE TO PLAINTIFFS, DEFENDANT, AND THEIR ATTORNEYS OF RECORD**

2        **PLEASE TAKE NOTICE** that on Friday, February 1, 2008, at 9:00 AM, or as soon

3    thereafter as the matter may be heard, in Courtroom 3 of the United States Courthouse located at

4    280 South 1st Street, Fifth Floor, San Jose, California, Applicant Dow AgroSciences LLC

5    ("DAS") will and does hereby move the Court to grant it intervention under Rules 24(a)(2) and

6    24(b)(2) of the Federal Rules of Civil Procedure.

7        By this motion, DAS seeks an Order from this Court granting DAS intervention as a

8    defendant in this case.  DAS has an absolute right to intervene as a defendant because it has a

9    substantial interest in chlorpyrifos, the pesticide that is the subject of this case, and that interest is

10   not adequately represented by the existing parties.  DAS is the primary manufacturer and

11   defender of technical-grade chlorpyrifos and holds a registration for the pesticide as required by

12   the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136-136y ("FIFRA").  Thus,

13   DAS would be directly and adversely affected by a ruling in the Plaintiffs' favor that the

14   Defendant, the United States Environmental Protection Agency, violated FIFRA in reregistering

15   certain chlorpyrifos uses.  For these same reasons, DAS also has a permissive right to intervene in

16   this case.

17       Counsel for Plaintiffs have informed DAS that Plaintiffs do not consent to this motion.

18   Counsel for Defendant has informed DAS that Defendant takes no position on this motion.

19   DATED:   December 12, 2007              HELLER EHRMAN LLP

20

21   David B. Weinberg (D.C. Bar # 186247)    By: /s/ Laurence A. Weiss
         dweinberg@wileyrein.com                  Laurence A. Weiss
22   Eric Andreas (D.C. Bar # 462777)             Laurence.Weiss@hellerehrman.com
         eandreas@wileyrein.com                HELLER EHRMAN LLP
23   David E. Markert (D.C. Bar #502486)       275 Middlefield Road
         dmarkert@wileyrein.com                Menlo Park, CA  94025-3506
24   WILEY REIN LLP                            Telephone:   650.324.7000
     1776 K Street NW                          Facsimile:   650.324.0638
25   Washington, DC  20006
     Telephone:   202.719.7000
26   Facsimile:   202.719.7049

27       Attorneys for Intervenor-Defendant Dow AgroSciences LLC

28

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF  - 1 -

1

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

2

## STATEMENT OF THE ISSUES

3    The present action arises from the September, 2001, issuance of the United States

4  Environmental Protection Agency's ("EPA" or "the Agency") Interim Reregistration Eligibility

5  Decision ("IRED") for chlorpyrifos.[1]  IREDs are the end result of a lengthy reregistration process

6  that EPA is required to undertake for all pesticides first registered before November 1, 1984.  *See*

7  Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA") § 4, 7 U.S.C. § 136a-1.  EPA

8  concluded in its IRED for chlorpyrifos that there was sufficient information on the human health

9  and ecological effects of chlorpyrifos to support the continued use of products containing the

10  pesticide.  In the IRED, the Agency also identified additional studies of chlorpyrifos' risks to

11  human health and the environment that it required be conducted by the pesticide's registered

12  manufacturers.

13    Plaintiffs here ask this Court to declare that EPA acted arbitrarily, capriciously, and

14  contrary to law when it approved reregistration of chlorpyrifos for continued use in agricultural

15  applications.  Plaintiffs also ask this Court to issue an injunction ordering EPA to make a new

16  reregistration eligibility decision for chlorpyrifos.

17    Resolution of the Plaintiffs' claims will have a direct, immediate, and substantial impact

18  on the ability of Dow AgroSciences LLC ("DAS") to market and sell its chlorpyrifos products

19  and on DAS' investment in studies currently being performed for purposes of complying with the

20  2001 IRED.  Furthermore, if this Court were to require EPA to make a new reregistration

21  eligibility decision for chlorpyrifos, DAS would be obliged to participate in that proceeding, and

22  the end result could be more burdensome restrictions on the uses of DAS' chlorpyrifos-containing

23  products or the initiation of proceedings to suspend or cancel them.  *See* FIFRA § 6, 7 U.S.C. §

24  136d.  Either of these outcomes would have a significant and adverse impact on the future sales

25  of DAS' chlorpyrifos-containing products.

26    Accordingly, DAS requests that the Court determine that it may intervene in this action,

27

28

[1]    The IRED for chlorpyrifos is available on EPA's website.  *See* EPA, Pesticide Reregistration Status, http://www.epa.gov/pesticides/reregistration/status_page_c.htm (last visited Dec. 7, 2007).

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF    - 2 -

1    either as of right or permissively, so that it may defend both the 2001 IRED and its registrations

2    for chlorpyrifos.

3                                    **RELEVANT FACTS**

4              EPA regulates the manufacture, distribution, and sale of pesticide products pursuant to the

5    authorities set forth in FIFRA.  Under FIFRA, a company may lawfully distribute or sell only

6    those pesticide products that have been "registered" for specific uses by EPA.  7 U.S.C. §

7    136a(a).  For a pesticide to be registered, the EPA Administrator must determine, among other

8    things, that it "will perform its intended function without unreasonable adverse effects on the

9    environment."  *Id.* § 136a(c)(5)(C).

10             In 1988, Congress amended FIFRA to require the reregistration by EPA of all products

11   containing active ingredients that had been registered prior to November 1, 1984.  *Id.* § 136a-

12   1(a).[2]  These amendments established a five-phase process for EPA to follow.  *Id.* § 136a-1(b).  In

13   Phase One, the Agency was to determine and list which pesticides are to be reregistered.  Phase

14   Two required EPA to identify the missing or inadequate data supporting those registrations.

15   During Phase Three, the registrants of the listed pesticides were required to submit summaries of

16   existing studies, flag studies indicating adverse effects, and commit to submit additional data as

17   needed.  EPA reviewed these submissions in Phase Four and required registrants to meet any

18   unfulfilled data requirements.  Last, in Phase Five, EPA performed a detailed review of all data

19   submitted for a pesticide and determined whether that pesticide could be used without

20   unreasonable adverse effects on people or the environment, taking into account the costs and

21   benefits of the pesticide's uses.  *See id.* §§ 136(bb), 136a(c)(5)(C), 136a-1(g)(2)(C).

22             As it has implemented this reregistration program, EPA has documented its evaluations in

23   IREDs or final Reregistration Eligibility Decisions ("REDs").  In either case, when the Agency

24   releases an IRED it typically accepts public comment on that document.

25             Chlorpyrifos is an insecticide, acaricide, and miticide that was discovered by The Dow

26   Chemical Company in 1962, and first registered for use in the United States in 1965.  Today,

27   _____

   [2]        Pesticides for which the Agency made certain determinations between November 1984 and October 1988
   are excepted from this "reregistration" requirement.  7 U.S.C. § 136a-1(a).  During the relevant time period, EPA
28   made no such determinations for chlorpyrifos.  Thus, chlorpyrifos is not excepted from the reregistration process.

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 3 -

1    Dow AgroSciences LLC, a wholly-owned subsidiary of The Dow Chemical Company, is the

2    world's primary manufacturer, distributor, and seller of pesticide products containing

3    chlorpyrifos.  These products are used by farmers in the United States and 97 other countries to

4    defend more than 50 different crops against attack by foliage and soil-borne insect pests.

5         Due to the widespread use of chlorpyrifos, its health and safety risks have been

6    extensively examined and re-examined by numerous governmental regulatory bodies, including

7    EPA.  Millions of dollars have been spent in the past four decades on over 3,600 studies of the

8    potential impact of chlorpyrifos-containing products on human health and the environment.  Most

9    of these studies were conducted and funded by DAS, in some cases with contributions from other

10   registrants, and DAS continually updates the studies' results with data generated using the newest

11   testing technologies.  DAS also operates an exceptional product stewardship program that

12   supports and advises customers on chlorpyrifos application techniques that minimize risks to

13   people or the environment.

14        As noted above, the IRED for chlorpyrifos was issued in September 2001.  In the IRED,

15   EPA determined that chlorpyrifos was eligible for reregistration for agricultural uses.[3]  However,

16   EPA made its reregistration determination contingent upon an assessment of the cumulative risk

17   posed by all organophosphate pesticides (of which chlorpyrifos is an example).  EPA completed

18   that assessment in July, 2006.  Shortly thereafter, the Agency finalized the IRED for chlorpyrifos,

19   concluding that the cumulative risks did not require reconsideration of its prior reregistration

20   decision.

21        This case challenges EPA's chlorpyrifos decision.  Plaintiffs allege that the Agency lacked

22   sufficient data to find that the continued use of chlorpyrifos-containing products met statutory

23   standards for safety.  Plaintiffs also allege that EPA did not properly balance the risks and

24   benefits of chlorpyrifos uses.

25

26

---

27   [3]    Prior to the issuance of the chlorpyrifos IRED, DAS and other technical registrants entered into agreements
     with EPA to voluntarily cancel or phase out nearly all residential uses of the pesticide.  The 2001 IRED for
28   chlorpyrifos, therefore, does not analyze the risks for those uses that were phased out and/or canceled.

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 4 -

1

**ARGUMENT**

2

**I.    INTERVENTION AS OF RIGHT SHOULD BE GRANTED**

3    Under Federal Rule of Civil Procedure 24(a)(2), a third party is entitled to intervene as of

4    right in a case if four conditions are met:  (1) the motion for intervention is timely; (2) the third

5    party claims an identifiable, "significantly protectable interest" relating to the property or

6    transaction that is the subject of the action; (3) disposition of the action may impair or impede the

7    third party's ability to protect that interest; and (4) the existing parties to the action may

8    inadequately represent the third party's interest.  *Sw. Ctr. for Biological Diversity v. Berg*, 268

9    F.3d 810, 817 (9th Cir. 2001).  This four-part test is to be construed "liberally in favor of

10    applicants for intervention."  *Cemex, Inc. v. County of Los Angeles*, 92 F. A'ppx 457, 459 (9th

11    Cir. 2004); *see also Berg*, 268 F.3d at 818.  DAS readily satisfies all four conditions and should

12    be granted intervention as of right in this case.

13

**A.    This Motion To Intervene Is Timely**

14    The submission of this motion to intervene is timely.  In determining whether a motion is

15    timely, District Courts in the Ninth Circuit are to look to the following three factors:  "(1) the

16    stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties;

17    and (3) the reason for and length of the delay."  *United States v. Alisal Water Corp.*, 370 F.3d

18    915, 921 (9th Cir. 2004).  Of the three factors, the issue of prejudice to the original parties is

19    generally considered the most important.  *See United States v. Oregon*, 745 F.2d 550, 552 (9th

20    Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND

21    PROCEDURE § 1916 (1972)); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)

22    ("The requirement of timeliness is not a tool of retribution to punish the tardy would-be

23    intervenor, but rather a guard against prejudicing the original parties.").

24    The instant case is at a very early stage of litigation.  The Plaintiffs filed their complaint

25    on August 1, 2007, and EPA filed its Answer on October 1, 2007.  In mid-October, the Plaintiffs

26    filed an amended complaint which EPA answered in early November.  The Plaintiffs and

27    Defendants filed a Joint Case Management Statement on November 7, on the basis of which the

28    Court apparently continued the originally scheduled case management conference for November

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 5 -

1   16, 2007 until February 22, 2008.  A Motion from Plaintiffs to Compel Filing of A Complete

2   Administrative Record is currently pending, but has not been fully briefed or noticed.  Under the

3   proposed schedule embodied in the Joint Case Management Statement, the record itself would not

4   be filed until April and dispositive briefing would not occur until the summer of 2008.

5        Under these circumstances, neither the Plaintiffs nor EPA will be prejudiced by the timing

6   of DAS' motion to intervene.  Thus, the first condition for intervention as of right is met.  *See,*

7   *e.g., United States v. Lauer*, 242 F.R.D. 184, 186 (D. Conn. 2007); *Siskiyou Reg'l Educ. Project*

8   *v. United States Forest Serv.*, No. Civ. 03-3013-CO, 2003 WL 23976354, at *4 (D. Or. June 16,

9   2003).

10           **B.    DAS Has Significantly Protectable Interests In This Case**

11       The second condition for intervention as of right is that the proposed intervenor claims a

12  significantly protectable interest relating to the property or subject of the action.  A proposed

13  intervenor claims a significantly protectable interest within the meaning of Rule 24(a)(2) if the

14  interest asserted is protected by law and related to the plaintiff's claims.  *Alisal Water Corp.*, 370

15  F.3d at 919.  An economic interest may support intervention as of right, if it is concrete and

16  related to the underlying subject matter of the case.  *See id.* at 919; *see also Forest Conservation*

17  *Council v. United States Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995) (stating that the interest

18  requirement assists in "dispos[ing] of lawsuits by involving as many apparently concerned

19  persons as is compatible with efficiency and due process").

20       This condition is satisfied here.  As confirmed by the appended Affidavit of Michael

21  Shaw, DAS is the creator and predominant manufacturer of chlorpyrifos and holds several EPA

22  registrations that allows it to distribute and sell chlorpyrifos products.  Under the Administrative

23  Procedure Act, DAS' registrations are considered licenses that are protected by law.  5 U.S.C. §

24  551(8) ("license" includes "the whole or a part of an agency permit, certificate, approval,

25  registration . . . or other form of permission").  Such a license is a significantly protectable

26  property interest for purposes of determining a third party's right to intervene in an action.  *See,*

27  *e.g., Natural Res. Def. Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983) ("Plaintiffs' complaint

28  challenges procedures pursuant to which EPA reached preliminary decisions that the intervenors'

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 6 -

1   pesticide products merited continued registration. If plaintiffs succeed in this case, these

2   regulatory decisions . . . will be set aside. Thus, the intervenors can be said to have a substantial

3   and direct interest in the subject of this litigation."); *Sierra Club v. EPA*, 995 F.2d 1478, 1485-86

4   (9th Cir. 1993) (ruling that holder of discharge permits under the Clean Water Act had a

5   "protectable" interest and could intervene as of right where the litigation could result in

6   modifications to those permits); *Animal Prot. Inst. v. Martin*, 241 F.R.D. 66 (D. Me. 2007)

7   (granting intervention as of right to licensed fur trappers where plaintiffs sought to enjoin state

8   agency from issuing licenses); *Nader v. Ray*, 363 F. Supp. 946, 953 (D.D.C. 1973) (granting

9   intervention as of right to holders of nuclear facility operating licenses issued by the Atomic

10   Energy Commission where the licenses would have been revoked or suspended if the plaintiffs

11   prevailed).

12        DAS also has an economic interest in this case that supports granting it intervention as of

13   right. DAS enjoys economic benefits – profits and enhancement of its commercial reputation – as

14   one of the few companies that holds registrations to distribute and sell chlorpyrifos. If the

15   Plaintiffs prevail in this case, those economic benefits could be lessened or even eliminated. This

16   is clearly a sufficient interest, directly related to the subject of this action, to support intervention

17   as of right. *See, e.g., People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6

18   (D.D.C. 1993).

19        Third, DAS' participated actively in the five-phase reregistration process that culminated

20   in the 2001 chlorpyrifos IRED. The Ninth Circuit has frequently approved intervention by

21   entities that were "directly involved in the enactment of the law or in the administrative

22   proceedings out of which the litigation arose." *Nw. Forest Res. Council v. Glickman*, 82 F.3d

23   825, 837-38 (9th Cir. 1996). The rationale for this practice is that these entities acquire a

24   significantly protectable interest through their extensive involvement in the regulatory process.

25   The same rationale extends to DAS, and the second criteria for intervention as of right thus is

26   met.

27

28

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 7 -

1

**C.    Disposition Of This Case May Affect DAS' Interests**

2      It is unquestionable that disposition of this action may, as a practical matter, impair or

3 impede DAS' ability to protect its interests in chlorpyrifos.  If the Plaintiffs obtain the re-review

4 of the chlorpyrifos IRED that they seek, substantial burdens would be placed on DAS.

5 Uncertainty about the future availability of chlorpyrifos products likely will lead potential

6 customers to switch to substitutes.  DAS also would be forced to incur additional cost to defend

7 chlorpyrifos' safety.

8      Furthermore, the end result of EPA's re-review of the IRED could be the imposition of

9 additional restrictions on the distribution or use of chlorpyrifos-containing products, or even a

10 total ban on the sale of such products.  Needless to say, either result would impair the value of

11 DAS' registrations for chlorpyrifos, cause substantial sales losses, and nullify much of DAS'

12 investment in the hundreds of studies that enabled it to obtain and maintain its registrations.

13 Alternatively, EPA could reregister chlorpyrifos on the condition that DAS conduct more studies

14 on the pesticide's safety.  Depending on the number and types of studies EPA required, the cost

15 of meeting such a condition on reregistration may be so great that DAS would have no choice but

16 to cancel or narrow its registrations.

17      In short, the disposition of this action will "as a practical matter impair or impede" DAS'

18 ability to protect its interests in chlorpyrifos.  Therefore, the third element of the Ninth Circuit's

19 four-part test for intervention of right is satisfied.

20

**D.    The Existing Parties Do Not Adequately Represent DAS' Interests**

21      The final condition for intervention as of right is that the representation of a proposed

22 intervenor's interests by the existing parties "may be" inadequate.  The Supreme Court has stated

23 that the burden of making a showing of inadequacy should be treated as "minimal."  *Trbovich v.*

24 *United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *see also Sw. Ctr. for Biological*

25 *Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001).

26      The courts have recognized that governmental representation of the interests of private

27 parties is often inadequate.  Governmental agencies have a broad responsibility to represent the

28 public interest, whereas private companies often have a more narrow and "parochial" financial

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 8 -

1    interest not shared by the public at large. *See, e.g.*, *Forest Conservation Council v. United States*

2    *Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995); *Fund for Animals v. Norton*, 322 F.3d 728,

3    736 (D.C. Cir. 2003).

4        Moreover, DAS routinely conducts extensive research on the pesticides it manufactures

5    and thus has special expertise that makes it uniquely able to both defend chlorpyrifos' safety and

6    to accurately delineate the pesticide's likely effects on human health and the environment.

7    Furthermore, DAS has experience and knowledge in the complex business of supplying

8    chlorpyrifos products which EPA does not have. *See Natural Res. Def. Council v. Costle*, 561

9    F.2d 904, 912-13 (D.C. Cir. 1977). DAS thus "can reasonably be expected to contribute to the

10   informed resolutions of these [technical and complex] questions when, and if, they arise before

11   the District Court," and its participation in defense of the IRED will "serve as a vigorous and

12   helpful supplement to EPA's defense." *Costle*, 561 F.2d at 912-13.

13       In addition, while DAS supports the chlorpyrifos IRED, DAS' interest in chlorpyrifos is

14   different from that of EPA, and thus could lead DAS to take different positions from the Agency

15   in litigation. DAS has focused, parochial financial interests in defending the chlorpyrifos IRED.

16   In contrast, EPA would face a potential conflict of interest were it to represent both the general

17   interests of U.S. citizens and the financial interests of DAS. The courts have found that this

18   potential for conflict sufficient to meet the "minimal" burden of demonstrating inadequacy of

19   representation. *See, e.g.*, *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d

20   1489, 1499 (9th Cir. 1995) (finding proposed intervenors satisfied the minimal showing required

21   for inadequacy of representation because, in part, "the government must present the broad public

22   interest, not just the economic concerns of the [proposed intervenors]"); *Dimond v. District of*

23   *Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986).

24       Indeed, in the particular context of pesticides regulation, the inadequacy standard is met

25   even in cases where EPA and pesticide manufacturers appear to have interests that are directly

26   aligned. *See Natural Res. Def. Council v. EPA*, 99 F.R.D. 607, 610 (D.D.C. 1983) (concerning

27   regulatory reform measures for pesticides). This is because EPA's broader goal in challenges to

28   its pesticides regulations is "defending [the] policies and procedures that it utilizes in regulating

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 9 -

1    many potential harmful substances . . . ," while the manufacturer would have "interests [that] are

2    more narrowly focused on proceedings relating to the particular pesticide [it] manufacture[s]" and

3    thus will wish to maximize its opportunities to prove that its products are safe.  *Id.*  Thus, a time

4    may come in this action when the interests of EPA and DAS diverge, and any purported EPA

5    representation of DAS's interests would become inadequate.  *See id.*  For example, EPA may

6    desire to reach a settlement with the Plaintiffs that would severely restrict chlorpyrifos' uses or

7    even phase the pesticide out.  DAS may not share the same goals.

8         For the foregoing reasons, DAS cannot rely on EPA to adequately protect its interests.

9    Therefore, the fourth criterion for intervention as of right is met, and this Court should grant

10   DAS' motion.

11   **II.    PERMISSIVE INTERVENTION SHOULD BE GRANTED**

12        Alternatively, DAS should be granted permissive intervention in this case.  Federal Rule

13   of Civil Procedure 24(b)(2) sets forth the standard that governs permissive intervention.  Under

14   Rule 24(b)(2), a third party seeking to intervene permissively must show:  (1) that its application

15   is timely; and (2) that its claim or defense and the main action have a question of law or fact in

16   common.  The Rule differs from Rule 24(a)(2) in that a "significant protectable interest" is not

17   required for permissive intervention, nor is there a requirement that the proposed intervenor have

18   a "direct personal or pecuniary interest" in the case.  *See Kootenai Tribe of Idaho v. Veneman*,

19   313 F.3d 1094, 1108 (9th Cir. 2002) (concerning attempt to intervene in two actions challenging

20   United States Forest Service's roadless area conservation rule).

21        DAS' application for intervention meets Rule 24(b)(2)'s standard.  As explained above,

22   DAS' motion to intervene is timely and will not result in any prejudice to the existing parties.

23   Moreover, DAS is obviously affected by litigation that could result in significant changes to, or

24   cancellation of, pesticide registrations that it holds.  Also, as is clear from DAS' proposed answer,

25   DAS raises many questions of law and fact in its defense that also are material to the main action.

26        In *Kootenai Tribe*, the Ninth Circuit held that private environmental groups lacked the

27   significant protectable interest necessary to intervene as of right.  *Id.* at 1108.  However, the Court

28   affirmed the district court's grant of permissive intervention, agreeing that "the magnitude of

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 10 -

1  [the] case is such that both Applicants' intervention will contribute to the equitable resolution of

2  [the] case." *Id.* at 1111. This case also concerns issues that are large in magnitude. Chlorpyrifos

3  is one of the most widely used insecticides in the United States and is particularly important to

4  corn growers. Am. Compl. ¶¶ 18-19. Moreover, DAS generates substantial revenue from

5  chlorpyrifos sales. Thus, the outcome of this case has potentially significant ramifications for the

6  U.S. agricultural economy and for DAS. Consequently, DAS should be allowed to participate in

7  this case.

8                                    **CONCLUSION**

9           For the foregoing reasons, DAS respectfully requests that its Motion to Intervene be

10 granted.

11

12 DATED:   December 12, 2007                    HELLER EHRMAN LLP

13

14 David B. Weinberg (D.C. Bar # 186247)      By:    /s/ Laurence A. Weiss
      dweinberg@wileyrein.com                      Laurence A. Weiss
15 Eric Andreas (D.C. Bar # 462777)                Laurence.Weiss@hellerehrman.com
      eandreas@wileyrein.com                   HELLER EHRMAN LLP
16 David E. Markert (D.C. Bar #502486)         275 Middlefield Road
      dmarkert@wileyrein.com                   Menlo Park, CA 94025-3506
17 WILEY REIN LLP                              Telephone:   650.324.7000
   1776 K Street NW                            Facsimile:   650.324.0638
18 Washington, DC 20006
   Telephone:   202.719.7000
19 Facsimile:   202.719.7049

20            Attorneys for Intervenor-Defendant Dow AgroSciences LLC

21

22

23

24

25

26

27

28

MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
C 07-03950 JF - 11 -