1   PATTI GOLDMAN (WSB #24426), Admitted *Pro Hac Vice*         HON. JEREMY FOGEL
    JOSHUA OSBORNE-KLEIN (WSB #36736), Admitted *Pro Hac Vice*
2   KRISTEN L. BOYLES (CSB #158450)
    Earthjustice
3   705 Second Avenue, Suite 203
    Seattle, WA  98104
4   (206) 343-7340
    (206) 343-1526 *[FAX]*
5   pgoldman@earthjustice.org
    josborne-klein@earthjustice.org
6   kboyles@earthjustice.org

7   SHELLEY DAVIS (CSB #84539)
    VIRGINIA RUIZ (CSB #194986)
8   Farmworker Justice
    1126 – 16th Street, N.W., Suite 270
9   Washington, D.C.  20036
    (202) 293-5420
10  (202) 293-5427 *[FAX]*
    sdavis@nclr.org
11  vruiz@nclr.org

12  AARON COLANGELO (DCB #468448), Admitted *Pro Hac Vice*
    Natural Resources Defense Council
13  1200 New York Avenue, N.W.
    Washington, D.C.  20005
14  (202) 289-6868
    (202) 289-1060 *[FAX]*
15  acolangelo@nrdc.org

16  *Attorneys for Plaintiffs United Farm Workers;*
    *Sea Mar Community Health Center; Pineros Y Campesinos Unidos*
17  *Del Noroeste; Beyond Pesticides; Frente Indigena de Organizaciones*
    *Binacionales; Farm Labor Organizing Committee, AFL-CIO;*
18  *Teamsters Local 890 and Pesticide Action Network North America*

19  MICHAEL MEUTER (CSB #161554)
    JONATHAN GETTLEMAN (CSB #243560)
20  California Rural Legal Assistance, Inc.
    3 Williams Road
21  Salinas, CA  93905
    (831) 757-5221
22  (831) 757-6212
    mmeuter@crla.org
23  jgettleman@crla.org
    *Attorney for Plaintiffs Martha Rodriguez and Silvina Canez*

24

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
    INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)

26

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No.  C07-3950 JF

PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| DOW AGROSCIENCES LLC, | ) ) | |
| Intervenor-Defendant. | ) | |

PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

I.    SECTION 4(M) OF FIFRA DOES NOT APPLY TO THE
      FARMWORKERS' CLAIMS. .......................................................................... 3

II.   SECTION 16(B) OF FIFRA DOES NOT APPLY TO THE
      FARMWORKERS' CLAIMS. .......................................................................... 7

      A.    Section 16 Gives District Courts Jurisdiction Over Challenges To
            EPA's Decisions To Retain Pesticide Uses. ........................................... 8

      B.    The Chlorpyrifos Reregistration Eligibility Determination Was Not
            An Order Made Following A Public Hearing ......................................... 10

III.  THE FARMWORKERS' CLAIMS ARE JUSTICIABLE UNDER FIFRA
      § 16(A). ............................................................................................................ 12

CONCLUSION ................................................................................................................. 14

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

# TABLE OF AUTHORITIES

## CASES

American Rivers v. NMFS,
    126 F.3d 1118 (9th Cir. 1997) ....................................................................6

Bates v. Dow Agrosciences,
    544 U.S. 431 (2005) ....................................................................................2

Bowen v. Michigan Academy of Family Physicians,
    476 U.S. 667 (1986) ..................................................................................13

Dunlop v. Bachowski,
    421 U.S. 560 (1975) ..................................................................................13

Environmental Defense Fund v. Costle,
    631 F.2d 922 (D.C. Cir. 1980) ...............................................8, 10, 11, 12

Florida Power & Light Co. v. Lorion,
    470 U.S. 729 (1985) ..................................................................................13

Heckler v. Chaney,
    470 U.S. 821 (1985) ..................................................................................14

Humane Society of United States v. EPA,
    790 F.2d 106 (D.C. Cir. 1986) .................................................................11

Lincoln v. Vigil,
    508 U.S. 182 (1993) ..................................................................................14

Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile
    Insurance Co.,
    463 U.S. 27 (1983) ......................................................................................6

Northwest Food Processors v. Reilly,
    886 F.2d 1075 (9th Cir. 1989) ...........................................................9, 11, 12

Norton v. Southern Utah Wilderness Act,
    543 U.S. 55 (2004) ......................................................................................5

Pacific Coast Federation of Fishermen's Associations v. U.S. Bureau of
    Reclamation,
    426 F.3d 1082 (9th Cir. 2005) ....................................................................6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

West Harlem Environmental Action v. U.S. EPA,
    380 F. Supp. 2d 289 (S.D.N.Y. 2005).........................................................5, 9

## FEDERAL STATUTES

5 U.S.C. § 706.................................................................................................4

7 U.S.C. § 136a-1(m)................................................................................. 3-7

7 U.S.C. § 136(bb)........................................................................................14

7 U.S.C. § 136n(a) & (b)........................................................................ *passim*

7 U.S.C. § 136-136y.......................................................................................1

15 U.S.C. § 2619.............................................................................................7

16 U.S.C. § 1540(g)(2)(A)...........................................................................6, 7

28 U.S.C. § 1631.............................................................................................9

30 U.S.C. § 1276(a).........................................................................................7

33 U.S.C. § 1365(a).........................................................................................7

42 U.S.C. § 7603(a).........................................................................................7

42 U.S.C. § 9659(b).........................................................................................7

42 U.S.C. § 11046(b).......................................................................................7

Pub. L. No. 92-516, 86 Stat. 973 (1972).......................................................2

Pub. L. No. 100-532, 102 Stat. 2654 (1988).................................................3

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

INTRODUCTION

Chlorpyrifos is a dangerous organophosphate pesticide that has been detected at potentially harmful levels in schools, homes, and streams -- threatening the health of children, farmworkers, and wildlife. Exposure to chlorpyrifos – breathing the chemical in the air, having direct skin contact, touching residue left on clothing – can cause muscle spasms, confusion, dizziness, loss of consciousness, seizures, abdominal cramps, vomiting, diarrhea, cessation of breathing, paralysis, permanent nerve damage, loss of intellectual functions, neurobehavioral effects, and death. It is also suspected to cause asthma, hormone disruption, low birth weights, and in utero developmental brain impairments. Against this background, the Environmental Protection Agency ("EPA") reregistered uses of chlorpyrifos under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y, in 2001 and 2006. Plaintiffs United Farm Workers et al. ("UFW" or "Farmworkers") challenge those reregistrations as arbitrary, capricious, and contrary to FIFRA.

On February 1, 2008, this Court granted intervention to Dow AgroSciences, the primary manufacturer and registrant of chlorpyrifos. On March 13, 2008, Dow moved to dismiss the Farmworkers' claims on the ground that this Court lacks subject matter jurisdiction.[1] Dow is wrong; subject matter jurisdiction over the Farmworkers' claims is vested with this Court under section 16(a) of FIFRA, 7 U.S.C. § 136n(a). UFW respectfully asks this Court to deny Dow's

---

[1] In its motion to dismiss, Dow also asserted that plaintiffs lack standing to challenge EPA's chlorpyrifos decision. Dow Br. at 11-13. After discussions between counsel, UFW and Dow have "agreed to stay addressing the issue of plaintiffs' standing" until Dow files its cross-motion for summary judgment. Supplemental Joint Case Management Statement (March 19, 2008). Plaintiffs and Dow further agreed "that the threshold issue of this Court's jurisdiction under FIFRA" could be resolved through Dow's motion to dismiss, with this opposition due on April 18, 2008. Id. Under this agreement, plaintiffs do not respond to Dow's standing challenge in this brief, reserving their opposition for later proceedings.

PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

1  motion to dismiss as to FIFRA jurisdiction.[2]

2                                                    BACKGROUND

3          Pesticides are "poisonous substances" that are "inherently dangerous." Bates v. Dow

4  Agrosciences, 544 U.S. 431, 449-50 (2005).  FIFRA establishes a regulatory scheme to control

5  the sale, use, and labeling of pesticides.  Under FIFRA, a pesticide may not be sold or used

6  unless it is registered for the particular use. Id. § 136a(a).  By August 3, 2006, all food use

7  pesticides, including chlorpyrifos, which was originally registered in 1965, had to be reregistered

8  in accordance with FIFRA's current environmental and health standards. See id. § 136a-

9  1(g)(2)(A)(i).

10          Although the federal government began regulating pesticides as early as 1910, it took the

11  World War II development of new pesticides, including organophosphates such as chlorpyrifos,

12  to begin the legislative development of the law we have today.  The 1947 version of FIFRA,

13  however, did not contain explicit health and environmental standards.  Those standards did not

14  appear until Rachel Carson's book "Silent Spring" awakened public concern over the impact of

15  toxic pesticides on health and wildlife.  In response, Congress transferred authority to implement

16  FIFRA to the newly created EPA, and, in 1972, revised the statute by adding the first health and

17  environmental standards to the pesticide registration criteria.  Pub. L. No. 92-516, 86 Stat. 973

18  (1972).  In the 1972 amendments, Congress also added section 16 of FIFRA, 7 U.S.C. § 136n,

19  which divides judicial review of FIFRA actions between the district courts and the appellate

20  courts. Id.  In 1988, concerned with EPA's delay in re-assessing pesticides in accordance with

21

22  [2] Defendant EPA has not yet taken a position on Dow's jurisdictional motion.  However, in a
   similar challenge to a pesticide reregistration currently pending in district court in the Western
23  District of Washington, EPA agreed with plaintiffs' position regarding jurisdiction in response to
   identical claims raised by intervening pesticide manufacturers (represented by the same counsel
24  as here) during summary judgment briefing.  United Farm Workers v. EPA, No. CV04-0099-
   RSM (W.D. Wash.).  The district court has not yet ruled on that motion.

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
26  INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -2-

Earthjustice
705 Second Ave., Suite 203
Seattle, WA  98104
(206) 343-7340

1  the new health and safety standards, Congress enacted section 4 of FIFRA, 7 U.S.C. § 136a-1,

2  which prescribes a five-phase process for reregistering pesticides and imposes specific deadlines

3  for completion of each phase.  Pub. L. No. 100-532, 102 Stat. 2654 (1988).

4                                              ARGUMENT

5          Dow's jurisdictional arguments focus on FIFRA's judicial review provisions in sections 4

6  and 16.  Dow contends that these provisions assign exclusive jurisdiction over UFW's claims to

7  the appellate courts.[3]  However, Dow's reading of these jurisdictional provisions contorts the

8  plain meaning of the statute, is inconsistent with the legislative intent, and misconstrues the

9  applicable case law.  Jurisdiction over plaintiffs' claims is governed by FIFRA § 16(a), 7 U.S.C.

10  § 136n(a), and this case is properly before this Court.

11  I.      SECTION 4(m) OF FIFRA DOES NOT APPLY TO THE FARMWORKERS' CLAIMS.

12          Dow first argues that section 4(m) of FIFRA, 7 U.S.C. § 136a-1(m), deprives this Court

13  of subject matter jurisdiction over the Farmworkers' claims.  Dow's argument is misplaced

14  because section 4(m) provides the jurisdictional standard for challenges to violations of section 4

15  of FIFRA, and UFW has not brought a FIFRA § 4 challenge.  Plaintiffs are not challenging the

16  failure of EPA to take an action required by section 4 of FIFRA; EPA has completed the

17  reregistration process and made a reregistration determination for chlorpyrifos as required by

18  section 4.  Paragraph 29 of UFW's First Amended Complaint (Oct. 19, 2007) states that EPA

19  issued the interim registration decision for chlorpyrifos in 2001; the Answers of both EPA and

20  Dow admit this allegation.  See EPA Answer ¶ 29 (Nov. 2, 2007); Dow Answer ¶ 29 (Dec. 12,

21  2007).  A FIFRA § 4 claim would challenge EPA's failure to make a reregistration decision and

22

23  [3] Dow's interpretation would not only require this Court to dismiss the present case, but would
     also likely bar any challenge to the chlorpyrifos reregistration due to the 60-day timeframe
24  imposed on direct appellate review.  See FIFRA § 16(b), 7 U.S.C. § 136n(b).

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
    INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -3-
26

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1    would seek a court order directing the agency to make such a decision.  For chlorpyrifos, such a

2    claim is simply unavailable.

3        Instead, the Farmworkers challenge the substance of the chlorpyrifos reregistration

4    determination as arbitrary, capricious, and contrary to the "unreasonable adverse affects"

5    standard in section 3(c)(5) of FIFRA.  Judicial review of this challenge is governed by section

6    16(a) of the Act.

7        The legislative history and text of the statute confirm that section 4(m) only applies to

8    compliance with the timelines set forth in section 4 and does not apply to challenges to

9    compliance with FIFRA standards in the reregistration decision ultimately made.  Specifically,

10   Congress adopted section 4 in 1988 to address "the exceedingly slow pace of EPA's progress in

11   completing the reregistration of existing pesticides according to current health and safety

12   standards."  H.R. Rep. No 100-939, reprinted in 1988 U.S. Code Cong. & Ad. News 3474, 3477

13   (Sept. 16, 1988).  Congress hoped to accelerate the reregistration process by mandating the five-

14   phase process for re-assessing pesticides that were originally registered prior to November 1,

15   1984.  See 7 U.S.C. § 136a-1(a)-(b).  Section 4 imposes deadlines to speed up reregistrations,

16   and section 4(m) provides for judicial review when those deadlines are missed.  Because UFW

17   does not charge EPA with a "failure … to take any action required by [section 4]," section 4(m)

18   is inapplicable.

19       The distinction between the type of challenge that could be brought under section 4(m)

20   and a substantive FIFRA claim is analogous to two types of cases brought under the

21   Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under APA § 706(1), a plaintiff may

22   bring a case to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §

23   706(1).  A claim brought under § 706(1) is of the same nature as one that could be sustained

24

25   PLAINTIFFS' OPPOSITION TO DEFENDANT-
     INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -4-
26

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1   under section 4(m) of FIFRA -- both provisions authorize the courts to review a failure of an

2   agency to take a mandatory action.  The remedy for a violation of FIFRA § 4(m) or APA §

3   706(1) is an order to do the mandatory act.  See Norton v. Southern Utah Wilderness Act, 543

4   U.S. 55, 63-64 (2004) (under APA § 706(1)'s mandamus remedy, a court will order an agency

5   "to take action upon a matter, without directing *how* it shall act.") (emphasis in opinion;

6   quotation and citation omitted).  APA § 706(2)(A), on the other hand, provides for review of

7   agency actions and allows district courts to "hold unlawful and set aside agency action, findings,

8   and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in

9   accordance with law …."  Id. at § 706(2)(A).  Like the FIFRA challenge here, the remedy for an

10  APA § 706(2)(A) violation is not an order for the agency to do the act in the first instance, but an

11  order declaring that the act was done invalidly and remand to the agency with instructions about

12  how to do it correctly.

13          In the present case, UFW claims that EPA acted arbitrarily, capriciously, and contrary to

14  law because it never ensured that the risks to children from chlorpyrifos were properly

15  considered under FIFRA.  First Amended Complaint at ¶¶ 46-52, 54-58.  Such claims are

16  governed by section 16 of FIFRA and must be judged in accordance with the standards set forth

17  in § 706(2)(A) of the APA.  See West Harlem Envtl. Action v. U.S. EPA, 380 F. Supp. 2d 289,

18  293 (S.D.N.Y. 2005); see also S. Rep. No. 92-838, reprinted in 1972 U.S. Code Cong. & Ad.

19  News 3993, 4019 ("Judicial review in district courts will be in accordance with the law generally

20  applicable to administrative procedure.").

21          In considering whether an action is arbitrary, capricious, or contrary to the law under the

22  APA, courts regularly consider whether the agency "relied on factors which Congress has not

23  intended it to consider" or instead "entirely failed to consider an important aspect of the problem

24

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
    INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -5-
26

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

. . . ."  <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 27, 43 (1983).

For example, in a case where the agency acted under the authority of the Endangered Species

Act, but the legal challenge was brought under the APA, the Ninth Circuit concluded that a

biological opinion for a threatened salmon population was arbitrary and capricious under APA §

706(2)(A) because the agency "'entirely failed to consider an important aspect of the problem.'"

<u>Pacific Coast Federation of Fishermen's Associations v. U.S. Bureau of Reclamation</u>, 426 F.3d

1082, 1094 (9th Cir. 2005) (citation omitted).  The appellate court's identification of "failures" in

the agency's decisionmaking process did not convert that case into a "failure to act" case

governed by APA § 706(1).[4]

Even Dow's presentation of plaintiffs' claims highlights the fact that the Farmworkers are

challenging the result from the reregistration process, just as described in <u>Motor Vehicle</u>.  <u>See</u>

Dow Br. at 5 ("At the heart of the Plaintiffs' case is the contention that EPA failed to consider

relevant data regarding chlorpyrifos and, as a result, failed to conduct a proper risk-benefit

analysis.").  Dow errs by interpreting claims that charge EPA with failing to consider relevant

factors in its reregistration decisions to be non-existent claims that EPA failed to act.  There is no

mention in UFW's complaint of any violation of FIFRA § 4; Dow's representation (at 6) that

plaintiffs "expressly indicated in their complaint" a challenge under FIFRA § 4 is simply untrue.

Dow's myopic focus on the word "failure" has led it to confuse two separate notions – (1)

failure to meet the deadlines of FIFRA § 4 and finalize a reregistration and (2) failure of that

---

[4] The Endangered Species Act ("ESA") also contains similar differential treatment of certain
substantive versus procedural challenges, albeit not with respect to district court/appellate court
jurisdiction.  Plaintiffs who wish to challenge the failure of federal agencies to engage in
consultation under the ESA (a procedural, failure-to-act type claim) must comply with the ESA's
60-day notice requirement.  16 U.S.C. § 1540(g)(2)(A).  However, substantive challenges to the
product of consultation – the biological opinion -- do not require a 60-day notice before
proceeding to court.  <u>American Rivers v. NMFS</u>, 126 F.3d 1118, 1124-25 (9th Cir. 1997).

PLAINTIFFS' OPPOSITION TO DEFENDANT-
INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -6-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

final reregistration to comply with the mandates of FIFRA. This case raises the latter situation, and section 4(m) is inapplicable because it only applies to "failures" to comply with the procedures and deadlines set forth in section 4 of FIFRA. Contrary to Dow's representations,[5] plaintiffs have not challenged EPA's decisions under section 4 of FIFRA – EPA has completed its reregistration of chlorpyrifos and the mandates of FIFRA § 4 have been satisfied – but have instead challenged that final reregistration as illegal.

II.    SECTION 16(b) OF FIFRA DOES NOT APPLY TO THE FARMWORKERS' CLAIMS.

Dow next contends that, regardless of the applicability of section 4(m), section 16(b) of FIFRA assigns exclusive jurisdiction to the circuit courts over UFW's claims. Once again, Dow is wrong.

Section 16(b) of FIFRA provides:

> In the case of actual controversy as to the validity of any order issued by the Administrator following a public hearing, any person who will be adversely affected by such order and who had been a party to the proceedings may obtain judicial review by filing in the United States court of appeals for the circuit wherein such person resides or has a place of business, within 60 days after the entry of such order, a petition praying that the order be set aside in whole or in part. . . .

7 U.S.C. § 136n(b). Section 16(b) is inapplicable for two reasons: UFW is seeking more stringent regulation of chloripyrifos, not less, and the notice and comment opportunity provided for the chlorpyrifos reregistration does not meet section 16(b)'s public hearing requirement.

---

[5] Dow's contorted view of FIFRA includes the assertion that "[i]n the context of environmental laws, appellate court review is the norm." See Dow Br. at 9 n.10. This contention is unsupportable; the vast majority of environmental cases originate in the district courts. See, e.g., Toxic Substances Control Act, 15 U.S.C. § 2619; Endangered Species Act, 16 U.S.C. § 1540(c); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1276(a); Clean Water Act, 33 U.S.C. § 1365(a); Clean Air Act, 42 U.S.C. § 7603(a); Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9659(b); Emergency Planning and Community Right to Know Act, 42 U.S.C. § 11046(b). Like FIFRA, many of these statutes involve risk-benefit determinations.

PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Because section 16(b) is inapplicable, this Court has jurisdiction under section 16(a), which

provides:

> Except as otherwise provided in this subchapter, the refusal of the Administrator
> to cancel or suspend a registration or to change a classification not following a
> hearing and other final actions of the Administrator not committed to the
> discretion of the Administrator by law are judicially reviewable by the district
> courts of the United States.

7 U.S.C. § 136n(a). Dow's argument to the contrary is inconsistent with the relevant case law

and the legislative history.

   A.    Section 16 Gives District Courts Jurisdiction Over Challenges To EPA's
         Decisions To Retain Pesticide Uses.

   Dow relies on Environmental Defense Fund v. Costle, 631 F.2d 922 (D.C. Cir. 1980)

("EDF"), a seminal case interpreting section 16, to argue that section 16(b) forecloses district

court review. Dow Br. at 8. Contrary to Dow's argument, the EDF court identified a "pattern"

for jurisdiction under FIFRA that defeats Dow's jurisdictional argument.

> The pattern seems to be that decisions regulating more strictly may be challenged
> in administrative hearing, those regulating less strictly may not. *Thus, persons
> seeking more stringent regulation may sue in the district court without first
> enduring an administrative hearing; those complaining of regulation as too strict
> must first exhaust their administrative remedy of a formal hearing before seeking
> judicial review.* While all the provisions of FIFRA may not fit precisely into this
> mold, we think this apparent pattern is useful to keep in mind.

631 F.2d at 937 (emphasis in original; footnote omitted). Following this pattern, the EDF court

noted the circumstances in which the district courts have jurisdiction under section 16(a):

> [W]ere chlorobenzilate already registered under the restrictions of the subject
> notice of cancellation, and were EPA upon reviewing the situation to conclude
> that no further restrictions were necessary, *EDF's only remedy would be in the
> district court.*

Id. at 935 (emphasis added).

> Prior to the issuance of the notice any decision not to cancel would have been
> subject to a district court review under section 16(a), and even now that many of
> the uses have been cancelled *the decision to retain registration for other uses is*

PLAINTIFFS' OPPOSITION TO DEFENDANT-
INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -8-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1     *still subject to district court review.*

2  Id. at 937 (emphasis added).  This case presents the situation anticipated in EDF -- UFW is

3  challenging EPA's decision to retain registration of certain uses of chlorpyrifos, and this Court is

4  vested with jurisdiction pursuant to FIFRA § 16(a).

5         The Ninth Circuit also has adhered to the EDF framework for resolving FIFRA

6  jurisdictional issues.  In Northwest Food Processors v. Reilly, 886 F.2d 1075 (9th Cir. 1989), the

7  food processors challenged EPA's decision to cancel uses of the pesticide dinoseb, while

8  environmental groups (including some who are plaintiffs in the present case) challenged EPA's

9  decision to allow use of existing stocks of the pesticide.  Id. at 1078-79.  The Ninth Circuit

10  determined that it had original jurisdiction over the food processors' challenge to the cancellation

11  order, but that the district court had original jurisdiction over the environmental groups' existing

12  stocks claim.  Id. at 1078.[6]  The Northwest Food Processors decision is consistent with the EDF

13  holding that challenges to EPA's decision to regulate pesticides more stringently are governed by

14  section 16(b) of FIFRA, while challenges to decisions to allow continued use of pesticides are

15  governed by section 16(a) of FIFRA.  See also West Harlem Envtl. Action, 380 F. Supp. 2d at

16  293 (district court reviewed claim that EPA reregistration of certain rodenticides caused

17  "unreasonable adverse effect on the environment" in violation of FIFRA under FIFRA § 16(a)).

18         Finally, the legislative history on FIFRA's judicial review procedures demonstrates that

19  Congress intended to bifurcate judicial review so challenges to further restrictions on pesticide

20  uses would be heard by the circuit courts because they would typically follow an adjudicative

21  hearing, while challenges to the retention of pesticide uses would be heard by the district courts.

22         In short, the Committee … believes that matters which have not been heard before

---

[6] As the appellate court realized that bifurcated review of the same decision would be inefficient,
the court transferred jurisdiction over the existing stocks challenge to itself under 28 U.S.C. §
1631.  886 F.2d at 1078.

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
   INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1    should go to courts of original jurisdiction and appeals from cases which have
     already been administratively heard and decided should go to appellate courts.
2    The question is really that simple.

3    S. Rep. No. 92-838, reprinted in 1972 U.S. Code Cong. & Ad. News 3993, 4070. The Senate

4    Committee further explained:

5        After a hearing judicial review on petition by any person adversely affected is
         properly lodged in courts of appeals, since an adequate record exists for such
6        review. Where, however, the Administrator has determined no substantial
         question of safety exists which warrants formal review, and thus has refused to
7        hold a hearing, review should be by district court since there is no record for the
         court of appeals.
8
     Id. at 4004.
9
             B.    The Chlorpyrifos Reregistration Eligibility Determination Was Not An Order
10                 Made Following A Public Hearing.

11           Dow also contends that the notice and comment procedures for the chlorpyrifos

12   reregistration decision constitute a public hearing under section 16(b). Dow Br. at 8. Dow's

13   interpretation of section 16(b)'s public hearing requirement is overbroad. The parameters of the

14   term "public hearing" were thoroughly addressed in EDF and NW Food Processors. When read

15   in their entirety, it is clear that both the D.C. Circuit and the Ninth Circuit anticipated that the

16   public hearing requirement of section 16(b) would require more than notice and a opportunity to

17   submit comments.

18           In EDF, the D.C. Circuit considered challenges to EPA's denial of a request for an

19   administrative hearing regarding a particular pesticide. 631 F.2d at 924. Environmental

20   plaintiffs argued that EPA's order denying a section 6(d) hearing was itself "based on a 'public

21   hearing' before the agency" and, therefore, review was assigned to the circuit court under section

22   16(b). Id. at 926. The pesticide registrant intervened and countered that the appellate court did

23   not have subject matter jurisdiction because there had been no public hearing on the hearing

24   request. Id. at 925. The EDF court, considering the specific procedures that led to the denial of

25
     PLAINTIFFS' OPPOSITION TO DEFENDANT-
26   INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)    -10-

Earthjustice
705 Second Ave., Suite 203
Seattle, WA  98104
(206) 343-7340

1    the hearing request, agreed that there had been "public hearing" on the hearing request.  Id.

2        In determining that the record on the denial of a hearing was adequate for appellate

3    review, the EDF court considered whether the case involved "issues of law," whether the issues

4    had already been "briefed by the parties, and considered by the Agency," and whether "[a]n

5    order expressing Agency rationale resulted."  631 F.2d at 931-32.  Ultimately, the court

6    concluded that appellate review under section 16(b) was appropriate because the denial of the

7    hearing request in that case followed proceedings before an administrative law judge, in those

8    proceedings the parties had an opportunity to submit legal memoranda, the proceedings led to a

9    final decision issued by the administrative law judge, the parties had an opportunity to

10   administratively appeal the administrative decision, and the parties were allowed to submit

11   additional briefing during the administrative appeal.  Id. at 926.

12       In Northwest Food Processors, 886 F.2d at 1077, there were proceedings before an

13   administrative law judge, a decision from that administrative judge, written exceptions to the

14   decision from the parties, objections to a settlement, and responses in support of the

15   administrative decision and settlement.  With all these proceedings, the appellate court held that

16   the public hearing requirement of FIFRA § 16(b) had been satisfied.  See also Humane Soc'y of

17   United States v. EPA, 790 F.2d 106, 111-12 & n.49 (D.C. Cir. 1986) (public hearing requirement

18   met where "EPA received comments from fifteen interested parties, amassed over 20,000 pages

19   of testimony and exhibits" from dozens of parties actively participating in hearings in three cities

20   over three months with over 90 witnesses testifying).[7]

21

22   _____

     [7] In a 1972 conference report, Congress explained that the language in section 16(b) means that
23   "anyone who intervenes in a public hearing under this Act shall be considered a party for
     purposes of this provision."  H.R. Conf. Rep. No 92-1540, reprinted in 1972 U.S. Code Cong. &
     Ad. News 3993, 4133 (Oct. 5, 1972).  Congress' use of the words "intervenes" and "party"—
24   words typically associated with judicial-type hearings—indicates that Congress had something
     more in mind than notice and the opportunity to submit comments when it crafted section 16(b).

25

26   PLAINTIFFS' OPPOSITION TO DEFENDANT-
     INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)  -11-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1      This case presents no such extended public proceedings.  Unlike <u>EDF</u> and <u>Northwest</u>

2   <u>Food Processors</u>, with respect to the chlorpyrifos reregistration, there were no proceedings before

3   an administrative adjudicator, the parties did not submit legal briefs, there were no testifying

4   witnesses at public hearings, and there was no administrative appeal.  Concern about duplicative

5   procedures is simply not applicable here.  In addition, both appellate courts recognized that

6   Congress intended section 16(b) to grant jurisdiction to the circuit courts only when there is an

7   adequate record for appellate review.  <u>EDF</u>, 631 F.2d at 932; <u>Northwest Food Processors</u>, 886

8   F.2d at 1077.  This case has already raised questions regarding the adequacy of the

9   administrative record -- questions that a district court is particularly well suited to address.

10  Indeed, an initial concern that EPA did not disclose all factual materials relevant to the case led

11  UFW to file a motion to compel EPA to file a complete administrative record, which is currently

12  pending before this Court.

13  III.    THE FARMWORKERS' CLAIMS ARE JUSTICIABLE UNDER FIFRA § 16(a).

14      As discussed above, the Farmworkers' claims, as challenges to the continued registration

15  of chlorpyrifos for certain uses, fall under the jurisdictional pattern identified in <u>EDF</u> and

16  <u>Northwest Food Processors</u> for district court jurisdiction.  In a last ditch effort to defeat

17  jurisdiction, Dow maintains that UFW's challenge does not fall within the plain language of

18  FIFRA § 16(a).  Dow is again wrong.  Contrary to Dow's assertion (at 10), plaintiffs <u>do</u>

19  challenge the refusal of EPA to cancel the chlorpyrifos registration for certain uses.  <u>See</u> First

20  Amended Complaint ¶¶ 49-52, 54-58 (setting forth claims for relief challenging EPA's

21  reregistration of FIFRA); <u>id.</u> at Prayer for Relief C (asking the Court to order EPA to make a

22  new reregistration determination and "reregister[]a chlorpyrifos use only when the data

23  demonstrate that the health, environmental, economic, and social benefits outweigh the risks.").

24  "Whether initial subject-matter jurisdiction lies initially in the courts of appeals must of course

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
26  INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -12-

1    be governed by the intent of Congress and not by any views we may have about sound policy."

2    Florida Power & Light Co. v. Lorion, 470 U.S. 729, 746 (1985).  The Farmworkers' claims fit

3    squarely under Congress's plain language in FIFRA § 16(a) providing for district court review of

4    "the refusal of the Administrator to cancel or suspend or to change a classification…."

5              Finally, Dow makes a half-hearted argument that plaintiffs are not "challenging a final

6    action of the Agency not committed to its discretion by law."  Dow Br. at 10.  Although this

7    assertion is left unexplained, Dow apparently believes that EPA's reregistration of chlorpyrifos

8    was a decision committed to agency discretion by law, and thus unreviewable under the APA.

9    Such a position is unsupported and unsupportable.  First, there is a strong presumption favoring

10   judicial review of agency actions.  See Bowen v. Michigan Academy of Family Physicians, 476

11   U.S. 667, 670 (1986), and Dow bears a "heavy burden of overcoming the strong presumption" of

12   reviewability by showing that Congress affirmatively decided to cut off judicial review.  Dunlop

13   v. Bachowski, 421 U.S. 560, 567 (1975).  Here, Congress explicitly provided for judicial review

14   of EPA's reregistration decisions under FIFRA.

15             Second, EPA's decisions to reregister pesticides under FIFRA are clearly not solely

16   committed to EPA's discretion; FIFRA contains standards that EPA must meet in order to reach

17   its reregistration decisions.  Specifically here, FIFRA § 3(c)(5)(C) allows EPA to register or

18   reregister a pesticide only if "it will perform its intended function without unreasonable adverse

19   effects on the environment.  Such "unreasonable adverse effects" are defined as "any

20   unreasonable risk to man or the environment, taking into account the economic, social, and

21   environmental costs and benefits of the use" of the product.  7 U.S.C. § 136(bb).[8]  These

22

23   [8] As Dow itself cites this standard in its brief (at 5 n.6), and cites to numerous cases where
     registration and reregistration decisions were challenged by environmental and industry groups
24   alike for failing to comply with FIFRA standards, it is difficult to understand its later argument
     that the reregistration decision is entirely discretionary.

25   PLAINTIFFS' OPPOSITION TO DEFENDANT-
     INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -13-

Earthjustice
705 Second Ave., Suite 203
Seattle, WA  98104
(206) 343-7340

26

1  standards bind EPA's discretion; this case does not present one of "those rare circumstances

2  where the relevant statute 'is drawn so that a court would have no meaningful standard against

3  which to judge the agency's exercise of discretion.'" Lincoln v. Vigil, 508 U.S. 182, 191 (1993)

4  (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)).  The reregistration decision for

5  chlorpyrifos is "not committed to the discretion of the Administrator by law"; and the plain

6  language of FIFRA § 16(a) calls for district court review.

7                                                    CONCLUSION

8          Dow's motion to dismiss is deeply flawed.  FIFA § 4(m) applies to challenges to claims

9  under FIFRA § 4, not substantive claims as brought by the Farmworkers.  Where plaintiffs

10  challenge an EPA decision to retain pesticide uses, and the EPA decision was without a "public

11  hearing," as here, FIFRA § 16(b) is inapplicable, and this Court has jurisdiction pursuant to

12  FIFRA § 16(a).  With respect to Dow's challenge to plaintiffs' standing, that issue has been

13  stayed by agreement of the parties until the summary judgment phase of this case.  For the

14  reasons discussed above, UFW respectfully asks this Court to deny Dow's motion to dismiss for

15  lack of FIFRA jurisdiction.

16

17

18

19

20

21

22

23

24

25  PLAINTIFFS' OPPOSITION TO DEFENDANT-
26  INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -14-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1

Respectfully submitted this 18th day of April, 2008.

2

3

                        /s/ Kristen L. Boyles
                    PATTI GOLDMAN (WSB #24426)
4                   JOSHUA OSBORNE-KLEIN (WSB #36736)
                    KRISTEN L. BOYLES (CSB #158450)
5                   Earthjustice
                    705 Second Avenue, Suite 203
6                   Seattle, WA  98104
                    (206) 343-7340
7                   (206) 343-1526 [FAX]
                    pgoldman@earthjustice.org
8                   josborne-klein@earthjustice.org
                    kboyles@earthjustice.org
9

10                  SHELLEY DAVIS (CSB #84539))
                    VIRGINIA RUIZ (CSB #194986)
                    Farmworker Justice
11                  1126 – 16th Street, N.W., Suite 270
                    Washington, D.C.  20036
12                  (202) 293-5420
                    (202) 293-5427 [FAX]
13                  sdavis@nclr.org
                    vruiz@nclr.org
14

15                  AARON COLANGELO (DCB #468448)
                    Natural Resources Defense Council
                    1200 New York Avenue, N.W.
16                  Washington, D.C.  20005
                    (202) 289-6868
17                  (202) 289-1060 [FAX]
                    acolangelo@nrdc.org
18

19                  *Attorneys for Plaintiffs United Farm Workers; Sea
                    Mar Community Health Center; Pineros Y
                    Campesinos Unidos Del Noroeste; Beyond
20                  Pesticides; Frente Indigena de Organizaciones
                    Binacionales; Farm Labor Organizing Committee,
21                  AFL-CIO;Teamsters Local 890; and Pesticide
                    Action Network North America.*

22

23

24

25

PLAINTIFFS' OPPOSITION TO DEFENDANT-
INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)     -15-

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MICHAEL MEUTER (CSB #161554)
JONATHAN GETTLEMAN (CSB #243560)
California Rural Legal Assistance, Inc.
3 Williams Road
Salinas, CA  93905
(831) 757-5221
(831) 757-6212
mmeuter@crla.org
jgettleman@crla.org

*Attorney for Plaintiffs Martha Rodriguez and
Silvina Canez*

PLAINTIFFS' OPPOSITION TO DEFENDANT-
INTERVENOR'S MOTION TO DISMISS(C07-3950 JF)   -16-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Washington. I am over 18 years of age and not a party to this action. My business address is 705 Second Avenue, Suite 203, Seattle, Washington.

On April 18, 2008, I served a true and correct copy of the following documents on the parties listed below:

1.    Plaintiffs' Opposition to Defendant-Intervenor's Motion to Dismiss.

Norman L. Rave, Jr.
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 616-7568
(20) 514-8865 *[FAX]*
norman.rave@usdoj.gov
*Attorney for Defendant*

☐ via facsimile
☐ via overnight courier
☐ via certified mail
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk

David B Weinberg
Eric Andreas
David E. Markert
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 *[FAX]*
dweinberg@wileyrein.com
eandreas@wileyrein.com
dmarkert@wileyrein.com
*Attorneys for Defendant-Intervenor*
*Dow AgroSciences LLC*

☐ via facsimile
☐ via overnight courier
☐ via certified mail
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk

CERTIFICATE OF SERVICE (C07-3950 JF) - 1 -

1 | Laurence A. Weiss
2 | Heller Ehrman LLP
3 | 275 Middlefield Road
  | Menlo Park, CA 94025-3506
  | (650) 324-7000
4 | (650) 324-0638 *[FAX]*
  | Laurence.Weiss@hellerehrman.com
5 | *Attorneys for Defendant-Intervenor*
6 | *Dow AgroSciences LLC*

☐ via facsimile
☐ via overnight courier
☐ via certified mail
☐ via first-class U.S. mail
☐ via hand delivery
☒ via electronic service by Clerk

7

8     I, Cheryl McEvoy, declare under penalty of perjury that the foregoing is true and correct.

9 Executed on this 18th day of April, 2008, at Seattle, Washington.

10

11                     *Cheryl McEvoy*

12         Cheryl McEvoy

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE (C07-3950 JF)  - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*