Laurence A. Weiss (Bar No. 164638)
    Laurence.Weiss@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
Telephone:    650.324.7000
Facsimile:    650.324.0638

David B. Weinberg (D.C. Bar # 186247), Admitted *Pro Hac Vice*
    dweinberg@wileyrein.com
Eric Andreas (D.C. Bar # 462777)
    eandreas@wileyrein.com
David E. Markert (D.C. Bar #502486)
    dmarkert@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, DC  20006
Telephone:    202.719.7000
Facsimile:    202.719.7049

Attorneys for Intervenor-Defendant
Dow AgroSciences LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, AFL-CIO, et al.,<br><br>                 Plaintiffs,<br><br>v.<br><br>ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                 Defendant,<br><br>DOW AGROSCIENCES LLC<br><br>                 Intervenor. | Case No. C 07-03950 JF<br><br>**DEFENDANT-INTERVENOR DOW AGROSCIENCES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date: Friday, May 9, 2008<br>Time: 9:00 AM<br>Courtroom 3, 5th Floor<br><br>The Honorable Jeremy Fogel |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    FIFRA SECTION 4(m) DOES APPLY TO PLAINTIFFS' CLAIMS ............................... 1

    II.    FIFRA SECTION 16(b) DOES APPLY TO PLAINTIFFS' CLAIMS .............................. 4

    III.    FIFRA SECTION 16(a) DOES NOT APPLY TO PLAINTIFFS' CLAIMS ..................... 6

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

Cannon v. University of Chicago,
    441 U.S. 677 (1979) .................................................................................................. 3

Duncan v. Walker,
    533 U.S. 167 (2001) .................................................................................................. 4

Environmental Defense Fund, Inc. v. Costle,
    631 F.2d 922 (D.C. Cir. 1980) .............................................................................. 4, 5

Government of Guam ex rel. Guam Economic Development Authority v. United States,
    179 F.3d 630 (9th Cir. 1999) ................................................................................ 3, 4

Humane Society of the United States v. EPA,
    790 F.2d 106 (D.C. Cir. 1986) .................................................................................. 5

In re Cervantes,
    219 F.3d 955 (9th Cir. 2000) .................................................................................... 3

Louisiana v. Train,
    392 F. Supp. 564 (W.D. La. 1975) ............................................................................ 6

Northwest Food Processors Association v. Reilly,
    866 F.2d 1075 (9th Cir. 1989) .................................................................................. 6

Pipefitters Local Union No. 562 v. United States,
    407 U.S. 385 (1972) .................................................................................................. 2

United States ex rel. Barajas v. United States,
    258 F.3d 1004 (9th Cir. 2001) .................................................................................. 1

West Harlem Environmental Action v. EPA,
    380 F. Supp. 2d 289 (S.D.N.Y. 2005) ................................................................... 3, 6

## STATUTES

7 U.S.C. § 136(bb) ............................................................................................................ 5
7 U.S.C. § 136a(c)(5) ........................................................................................................ 5
7 U.S.C. § 136a-1(g)(2)(C) ............................................................................................... 1
7 U.S.C. § 136a-1(g)(2)(D) ............................................................................................... 1
7 U.S.C. § 136a-1(m) ........................................................................................................ 1
7 U.S.C. § 136n(a) ............................................................................................................ 6
7 U.S.C. § 136n(b) ............................................................................................................ 1
7 U.S.C. §§ 136-136y ....................................................................................................... 1
33 U.S.C. § 1365(a)(2) ...................................................................................................... 3
42 U.S.C. § 300j-8(a)(2) ................................................................................................... 3
42 U.S.C. § 6971(a)(2) ...................................................................................................... 3
42 U.S.C. § 7604(a)(2) ...................................................................................................... 3

## OTHER AUTHORITIES

SAP Meeting Minutes No. 2002-03 .................................................................................. 5

## REGULATIONS

40 C.F.R. § 166.25(b)(1)(ii) ............................................................................................. 5

## INTRODUCTION

Intervenor-Defendant Dow AgroSciences, LLC ("DAS") hereby replies in support of its Motion to Dismiss.

As DAS explained in its initial brief, the 1988 amendments to the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136-136y ("FIFRA"), added to the statute a new Section 4. It established a detailed, five-phase process for the reregistration of older pesticide products. In the fifth and final phase of that process, EPA is to "determine whether to reregister a pesticide by determining whether such pesticide meets the requirements of [Section 3(c)(5)]" and must either reregister the product or take other appropriate regulatory action. 7 U.S.C. §§ 136a-1(g)(2)(C), (D). If EPA does not "take any action required" by Section 4, Section 4(m) mandates "judicial review under the procedures prescribed by section 16(b)." 7 U.S.C. § 136a-1(m). FIFRA Section 16(b), in turn provides for judicial review in the Courts of Appeals. 7 U.S.C. § 136n(b).

For the reasons set forth below, the reasons advanced by Plaintiffs in support of this Court's jurisdiction are incorrect. This case should have been brought in the U.S. Court of Appeals for the Ninth Circuit.

## ARGUMENT

### I. FIFRA SECTION 4(m) DOES APPLY TO PLAINTIFFS' CLAIMS

Plaintiffs erroneously argue that this challenge to the chlorpyrifos reregistration decision does not arise under Section 4 of FIFRA. The plain language of Section 4 dictates that Plaintiffs' case should have been brought in the Court of Appeals.

The language of FIFRA Section 4(m) is unambiguous. It provides that a failure by EPA to "take *any* action required by this section" is subject to judicial review in the Courts of Appeals. 7 U.S.C. §§ 136a-1(m), 136n(b) (emphasis added). The use in Section 4(m) of the term "any" is significant – it indicates that the term "action" is not limited solely to some subset of actions under Section 4. *See United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1011 (9th Cir. 2001) ("The term 'any' is generally used to indicate lack of restrictions or limitations on the term modified.").

EPA's alleged failure to take an action required by Section 4 is precisely what Plaintiffs complain about in this case. For example, in their first cause of action Plaintiffs charge EPA with reregistering "chlorpyrifos uses that pose risks of concern to workers *without determining whether the health, environmental, economic, and social benefits of each use outweigh the aggregate risks.*" First Am. Compl. ¶ 52 (emphasis added). Later, Plaintiffs allege that EPA did not take appropriate regulatory action to mitigate the purported risks from airblast and groundboom tractor applications of chlorpyrifos. *See* First Am. Compl. ¶¶ 49, 51. The Agency's obligations to take actions of this sort – to perform a risk-benefit analysis in reregistration and mitigate risks – arose under FIFRA Section 4(g)(2)(C) and (D). Plaintiffs' challenge thus arises under Section 4.

Plaintiffs' argument that they are not bound by FIFRA Section 4(m) because they "have not challenged EPA's decisions under section 4 of FIFRA" (Pls.' Opp'n at 7) thus is disingenuous. While FIFRA Section 4(a) states that Section 3(c)(5) establishes the standard for decisionmaking in the reregistration process, it is the decisions themselves that Plaintiffs challenge. Plaintiffs admit as much in their Complaint when they state that EPA cannot *reregister a pesticide under Section 4 of FIFRA* unless the risk-benefit analysis required by Section 3(c)(5) turns out favorably. *See* First Am. Compl. ¶ 37.

Plaintiffs attempt to avoid Section 4(m) by citing legislative history that purportedly indicates it was intended to apply only to the deadlines for the completion of the five reregistration phases. But it is a fundamental rule of statutory construction that consideration of legislative history is inappropriate where the language of a statute is plain and unambiguous. *See Pipefitters Local Union No. 562 v. United States*, 407 U.S. 385, 446 (1972) ("Nor can [legislative] history, however illuminating it may seem, be relied upon to contradict, or dilute, or add unspecified conditions to statutory language which is perfectly clear."). And there is no ambiguity in the plain language of FIFRA Section 4(m).[1] It provides for appellate court review of

---

[1] Indeed, Plaintiffs' assertion that Section 4(m) was intended to help speed up reregistrations also is inconsistent with their assertion that this case belongs in District Court. If Congress intended 4(m) to speed up reregistrations, it would make little sense to enforce statutory deadlines in the Courts of Appeals, but subject substantive Section 4 decisions to a drawn-out review process beginning in the District Courts.

1  "*any*" failure to take action.[2]

2  Furthermore, contrary to Plaintiffs' assertion, the plain language of Section 4(m) does not distinguish between discretionary and non-discretionary agency functions. If Congress had wanted to limit Section 4(m)'s scope to the review of EPA failures to meet non-discretionary deadlines, it could easily have done so. The judicial review provisions of contemporary environmental statutes are rife with examples of where Congress has. *See, e.g.*, 33 U.S.C. § 1365(a)(2) (authorizing civil suits "where there is alleged a failure . . . to perform any act or duty under this chapter *which is not discretionary*") (emphasis added); 42 U.S.C. § 300j-8(a)(2) (same); 42 U.S.C. § 6971(a)(2) (same); 42 U.S.C. § 7604(a)(2) ("[T]he district courts . . . shall have jurisdiction to compel agency action unreasonably delayed.").

These examples demonstrate that Congress knew how to limit the scope of judicial review when it enacted FIFRA Section 4(m). Congress simply chose not to. This Court thus must give effect to the particular wording of Section 4(m). *See Gov't of Guam ex rel. Guam Econ. Dev. Auth. v. United States*, 179 F.3d 630, 638 (9th Cir. 1999) (when Congress includes a provision in one statute but not in another, the court must give effect to the difference in wording); *see also Cannon v. Univ. of Chicago*, 441 U.S. 677, 696-98 (1979) (Congressional knowledge of interpretation of similarly worded earlier statutes is presumed).

Plaintiffs also try to escape the plain meaning of FIFRA Section 4(m) by analogizing it to Section 706(1) of the Administrator Procedure Act ("APA"). This effort also is misplaced. The APA can provide little insight into the meaning of FIFRA's judicial review provisions because Congress specifically overrode the APA when it enacted FIFRA. *See, e.g., W. Harlem Envtl. Action v. EPA*, 380 F. Supp. 2d 289, 293 (S.D.N.Y. 2005) (dismissing APA claim in favor of FIFRA claim). Furthermore, Section 4(m) was enacted long after the APA. Had Congress intended Section 4(m) to duplicate APA Section 706, it would have used the same language as that statute or would have referenced the APA directly. Instead, Congress chose to include the

---

[2] The only circumstance in which legislative history properly can be used to overcome a statute's clear language is where the application of that language would "thwart the purpose of the over-all statutory scheme or lead to an absurd result." *In re Cervantes*, 219 F.3d 955, 960 (9th Cir. 2000). That is not the case here.

different language of Section 4(m). That choice must be honored by the courts. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'"); *Guam Econ. Dev. Auth., supra*.

In short, Plaintiffs' claims in this case arise under Section 4 of FIFRA and are subject to judicial review under Section 4(m). Therefore, pursuant to Section 4(m), this case should have been brought in the Court of Appeals.

## II.   FIFRA SECTION 16(b) DOES APPLY TO PLAINTIFFS' CLAIMS

Plaintiffs recognize that, if a hearing on the issues they raised occurred before EPA, Court of Appeals jurisdiction would be appropriate. To dispute that a "hearing" occurred, however, they contend both that *Environmental Defense Fund, Inc. v. Costle*, 631 F.2d 922 (D.C. Cir. 1980) recognized a "pattern" that requires that this case be heard in District Court, and that there was no public hearing. Pls.' Opp'n at 8-12.

Plaintiffs err, however, in failing to recognize that the statutory scheme *Costle* was addressing is no longer in effect, and that in the instant case there already has been a hearing. The "pattern" to which Plaintiffs refer was the court's characterization in 1980 of the general scheme of FIFRA before the 1988 amendments. Appellant EDF was complaining because it had not been allowed a hearing on the question of what uses of a pesticide should be allowed. Under the version of FIFRA then in existence, the Court observed a general pattern of having cases in which more stringent regulation was sought go to the District Courts.[3]

But with the 1988 amendments to FIFRA, the issue is no longer how entities in the position of Plaintiffs can have their concerns addressed. After the 1988 amendments, the statute provides the basis for appellate court review here: the record developed during the reregistration proceeding that Plaintiffs are challenging. That record, as explained below, is a "hearing."

---

[3] The "pattern" to which Plaintiffs refer was described in *Costle* as follows: persons seeking more stringent regulation may sue in District Court without going through an administrative hearing, whereas those seeking less stringent regulation must first endure an formal hearing before seeking judicial review. *Costle*, 631 F.2d at 937.

4
INTERVENOR-DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, C07-03950 JF

Even if FIFRA had not been dramatically changed in 1988, Plaintiffs' reliance on *Costle* would be suspect. As the *Costle* court noted, "all the provisions of FIFRA may not fit precisely" into the pattern it identified. *Id.* at 937. Moreover, in a subsequent decision, the same court disavowed this "pattern" by completely ignoring it. *Humane Society of the United States v. EPA*, 790 F.2d 106 (D.C. Cir. 1986).

In *Humane Society*, as here, the plaintiffs were seeking more stringent regulation. There, plaintiffs challenged EPA's issuance of two experimental use permits directly in the Court of Appeals without first having sought a formal administrative hearing.[4] The D.C. Circuit addressed the issue of jurisdiction under FIFRA Section 16 and again held, as in *Costle*, that the jurisdictional touchstone in such cases is the availability of an adequate record for review. *Id.* at 111; *see also Costle*, 631 F.2d at 931.

Plaintiffs' additional argument that Section 16(b)'s public hearing requirement was not met completely ignores this basic tenet.[5] The record that EPA has compiled during the five-phase, decade-long reregistration of chlorpyrifos is enormous. Plaintiffs and EPA explained to the Court in their initial Joint Case Management Statement that it would take months to compile it. Joint Case Management Statement, Docket 25 at 3-4 ("Because the administrative records for the Agency decisions under review are extensive, defendant seeks additional time . . . to compile the record indices and to file agreed-upon extracts of the record.").[6] DAS anticipates that the

---

[4] Experimental use permits are similar to pesticide registrations. For example, both are issued only after a determination that they will cause unreasonable adverse effects on the environment. *See* 7 U.S.C. §§ 136(bb), 136a(c)(5); 40 C.F.R. § 166.25(b)(1)(ii).

[5] Plaintiffs' statement in their Opposition that "[t]his case has already raised questions regarding the adequacy of the administrative record" is misleading. Plaintiffs have not questioned in this case whether EPA has an adequate record on the chlorpyrifos reregistration decision; rather, Plaintiffs have questioned only how much of that record is available for this Court's review. Pls.' Mot. to Compel, Docket 26 at 1.

[6] Plaintiffs argue in their Opposition that there have been no extended public proceedings in connection with the chlorpyrifos reregistration decision. Pls.' Opp'n at 12. There is absolutely no basis for this argument. Plaintiffs and others have had numerous opportunities to comment on the documents EPA used in reaching its reregistration decision, and have done so. In addition, Plaintiffs have participated in at least one public meeting of the FIFRA Scientific Advisory Panel where issues related to the reregistration of chlorpyrifos were discussed. *See, e.g.*, SAP Meeting Minutes No. 2002-03, *available at* http://www.epa.gov/scipoly/sap/meetings/2002/june/junesapmeetingreport.pdf (last visited Apr. 24, 2008) (noting attendance by a Natural Resources Defense Council representative at a public meeting concerning the appropriate safety factor(s) in the Organophosphorous Pesticide Cumulative Risk Assessment).

record will be comparable in size to the record produced in *United Farm Workers v. EPA*, No. CV04-0099-RSM (W.D. Wash. filed Jan. 13, 2004), where Plaintiffs are challenging EPA's decision to reregister another pesticide. The record in that case exceeds 100,000 pages. *Id.* (Notice of Filing of Certified index to the Administrative Record).

Plaintiffs do not explain in their Opposition – and cannot – how it is that a record of this size, produced over many years and with numerous opportunities for public input, is not adequate to support review. It is, and the statute and the relevant case law thus provide for review in the Court of Appeals.

### III.    FIFRA SECTION 16(a) DOES NOT APPLY TO PLAINTIFFS' CLAIMS

Plaintiffs' claims also are not justiciable under Section 16(a) of FIFRA. Section 16(a) grants District Courts jurisdiction to hear a discrete set of issues: the refusal to cancel or suspend a registration or to change a classification pursuant to FIFRA Section 6 *"not following a hearing,"* and other final actions not committed to EPA's discretion by law. 7 U.S.C. § 136n(a) (emphasis added); *Louisiana v. Train*, 392 F. Supp. 564, 570 (W.D. La. 1975). Because Plaintiffs' claims do not concern a refusal to take an action under FIFRA Section 6, because there has been a hearing here, and because EPA was not undertaking a nondiscretionary duty, Section 16(a) does not apply.[7]

Moreover, the cases that Plaintiffs cite on this issue are inapposite. In *Northwest Food Processors Association v. Reilly*, 866 F.2d 1075 (9th Cir. 1989), where the Ninth Circuit concluded that it did not have jurisdiction to review a challenge to a cancellation action under Section 6, the underlying agency action had been taken with no pertinent notice. *See id.* at 1078. In contrast, the present case concerns a reregistration decision under Section 4 that was amply noticed and commented upon. *West Harlem Environmental Action v. EPA*, 380 F. Supp. 2d 289 (S.D.N.Y. 2005), also does not help Plaintiffs. There, subject matter jurisdiction under FIFRA

---

[7] Plaintiffs argue that they are challenging a refusal of EPA to cancel a registration. Pls.' Opp'n at 12. That is not true. Plaintiffs are challenging EPA's decision to reregister uses that they prefer would not have been reregistered. That is not the same thing as challenging EPA's rejection of a petition to cancel a registration that was filed pursuant to FIFRA Section 6.

6
INTERVENOR-DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, C07-03950 JF

1  Section 16 was never raised as an issue; the court simply assumed without analysis that it did
2  have jurisdiction.

## CONCLUSION

For the foregoing reasons, DAS respectfully requests that its Motion to Dismiss be granted.

DATED:   April 25, 2008                              HELLER EHRMAN LLP


David B. Weinberg (D.C. Bar # 186247)           By:   /s/ Laurence A. Weiss
   dweinberg@wileyrein.com                          Laurence A. Weiss
Eric Andreas (D.C. Bar # 462777)                        Laurence.Weiss@hellerehrman.com
   eandreas@wileyrein.com                       HELLER EHRMAN LLP
David E. Markert (D.C. Bar #502486)              275 Middlefield Road
   dmarkert@wileyrein.com                       Menlo Park, CA  94025-3506
WILEY REIN LLP                                   Telephone:   650.324.7000
1776 K Street NW                                 Facsimile:   650.324.0638
Washington, DC  20006
Telephone:   202.719.7000
Facsimile:   202.719.7049

               Attorneys for Intervenor-Defendant Dow AgroSciences LLC

12836498.2