**E-Filed 8/26/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ, <br><br>            Plaintiffs, <br><br>    v. <br><br> ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br>            Defendant. | Case Number C 07-3950 <br><br> ORDER[1] DENYING DOW AGROSCIENCES LLC 'S MOTION TO DISMISS |

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-3950
ORDER DENYING DOW AGROSCIENCES LLC'S MOTION TO DISMISS
(JFEX3)

## I. BACKGROUND

The present action arises from the issuance of an Interim Reregistration Eligibility Decision ("IRED") for chlorpyrifos, an organophosphate insecticide, by the United States Environmental Protection Agency ("EPA") in September 2001. IREDS are the end product of a reregistration process that the EPA is required to undertake for all pesticides registered before November 1, 1984. *See* Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) § 4, 7 U.S.C. § 136a–1. Plaintiffs United Farm Workers et al. ("Plaintiffs") have asked the Court to declare that the EPA acted arbitrarily, capriciously, and contrary to law when it approved re-registration of chlorpyrifos for continued use in agricultural applications. Plaintiffs also seek injunctive relief ordering the EPA to make a new reregistration eligibility decision for chlorpyrifos. Intervenor Dow Agrosciences LLC ("DAS") moves to dismiss Plaintiffs' claims.

The amended complaint alleges that in 2001, the EPA registered numerous uses of chlorpyrifos without conducting the required risk-benefit analysis or making the necessary finding with respect to unreasonable adverse effects prerequisites to re-registration under the § 136-136y of the FIFRA. According to the complaint, the EPA acknowledged that it had inadequate data with respect to the likelihood of unreasonable adverse effects from some exposures to chlorpyrifos, yet nonetheless it registered uses involving such exposures. The EPA allegedly directed the manufacturers seeking registration to submit additional data and solicited public comment on its re-registration decisions, but it never addressed the issues raised or the data provided. Plaintiffs also claim that the EPA reduced worker protections from some uses on the basis of data that the EPA did not make available to the public for review. Plaintiffs allege that more than one of the registered uses poses a risk of harm to farm workers.

The amended complaint contains two claims: (1) "EPA acted arbitrarily, capriciously and in violation of FIFRA in re-registering chlorpyrifos uses . . . without balancing all the of the risks and benefits and finding that the benefits of each use outweighed the risks;" and (2) "EPA acted arbitrarily, capriciously and in violation f FIFRA in re-registering chlorpyrifos uses . . . when EPA lacked sufficient data to find that the uses would not pose unreasonable adverse effects."

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

Section 16n of FIFRA provides the following framework for judicial review:

(a) District court review

Except as otherwise provided in this subchapter, the refusal of the Administrator to cancel or suspend a registration or to change a classification not following a hearing and other final actions of the Administrator not committed to the discretion of the Administrator by law are judicially reviewable by the district courts of the United States.

(b) Review by court of appeals

In the case of actual controversy as to the validity of any order issued by the Administrator following a public hearing, any person who will be adversely affected by such order and who had been a party to the proceedings may obtain judicial review by filing in the United States court of appeals for the circuit wherein such person resides or has a place of business, within 60 days after the entry of such order, a petition praying that the order be set aside in whole or in part. A copy of the petition shall be forthwith transmitted by the clerk of the court to the Administrator or any officer designated by the Administrator for that purpose, and thereupon the Administrator shall file in the court the record of the proceedings on which the Administrator based the Administrator's order, as provided in section 2112 of Title 28. Upon the filing of such petition the court shall have exclusive jurisdiction to affirm or set aside the order complained of in whole or in part. The court shall consider all evidence of record. The order of the Administrator shall be sustained if it is supported by substantial evidence when considered on the record as a whole. The judgment of the court affirming or setting aside, in whole or in part, any order under this section shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28. The commencement of proceedings under this section shall not, unless specifically ordered by the court to the contrary, operate as a stay of an order.

7 U.S.C. §§ 136n (a), (b).

DAS argues that this case is governed by Section 16n(b) because Plaintiffs in effect have stated a claim pursuant to Section 4 of FIFRA, 7 U.S.C. §§ 136a-1 (g)(1), 2(C), and Section 4 in

turn is subject to Section 16n(b). Plaintiffs contend that a Section 4 claim challenges the EPA's failure to make a registration decision in a timely manner, and that the amended complaint does not contain such a claim. Rather, Plaintiffs assert that this action is brought pursuant to Section 3(c)(5) of FIFRA, which provides that "[t]he Administrator shall register a pesticide if the Administrator determines that . . . it will perform in its intended function without unreasonable adverse effects on the environment." 7 U.S.C. § 136a (c)(5).

Section 4 provides in relevant part that:

> The Administrator shall conduct a thorough examination of all data submitted under this section concerning an active ingredient listed under subsection (c)(2) of this section and of all other available data found by the Administrator to be present.
> . . .
> After conducting the review . . . the Administrator shall determine whether to register a pesticide by determining whether such pesticide meets the requirements of section 136a(c)(5) of this title.

7 U.S.C. §§ 136a-1 (g)(1), 2(C). Section 4 also states explicitly that "any failure of the Administrator to take any action required by this section shall be subject to judicial review under the procedures prescribed by section 16n(b) of this title." 7 U.S.C. § 136a-1(m). Here, the EPA's alleged failure to take an action required under Section 4 is not the thrust of Plaintiffs' complaint. It is true Plaintiffs allege that the EPA re-registered chlorpyrifos without first obtaining all of the data required. However, Plaintiff's claim is not that the agency failed to act at all but that it acted arbitrarily and capriciously by selectively considering some data and disregarding others.[2] Without prejudice to DAS's right to renew its argument on summary judgment the Court concludes that Plaintiffs adequately have stated a claim under Section 3(c)(5).

---

[2] Plaintiffs draw an analogy to to Section 706(a) of the Administrative Procedures Act ("APA"). Under 5 U.S.C. § 706(1), a plaintiff may bring a case to "compel agency action unlawfully withheld or unreasonably delayed." Section 706(2)(A) provides for review of arbitrary and capricious agency actions. Based on the remedies available under each provision, Plaintiffs contend that an action under § 706(1) is analogous to a claim pursuant to Section 4 of FIFRA, and that the present case involves the type of claim subject to § 706(2)(A).

4

### III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that DAS' motion to dismiss is DENIED.

DATED: August 26, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Kristen Lee Boyles
3  kboyles@earthjustice.org

4  Aaron Colangelo
   acolangelo@nrdc.org

5
   Joshua Osborne-Klein
6  josborne-klein@earthjustice.org

7  Virginia Elizabeth Ruiz
   vruiz@farmworkerjustice.org

8  Shelley Davis
9  sdavis@farmworkerjustice.org

10 Patti Goldman
   pgoldman@earthjustice.org

11
   Michael Meuter
12 mmeuter@crla.org

13 Jonathan Gettleman
   jgettleman@crla.org

14
   Norman Rave Jr.
15 norman.rave@usdoj.gov

16 Laurence Andrew Weiss
   lweiss@hewm.com

17
   David Weinberg
18 dweinberg@wileyrein.com

19

20

21

22

23

24

25

26

27

28

6

Case No. C 07-3950
ORDER DENYING DOW AGROSCIENCES LLC 'S MOTION TO DISMISS
(JFEX3)