**E-Filed 08/26/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ, ,<br><br>            Plaintiff,<br><br>            v.<br><br>ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>            Defendant. | Case Number C 07-3950<br><br>ORDER[1] GRANTING DOW AGROSCIENCES LLC 'S MOTION TO INTERVENE AND PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF A COMPLETE ADMINISTRATIVE RECORD<br><br>re: docket no. 26, 34 |

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

The present action arises from the issuance of an Interim Reregistration Eligibility Decision ("IRED") for chlorpyrifos, an organophosphate insecticide, by the United States Environmental Protection Agency ("EPA") in September 2001. IREDS are the end product of a reregistration process that the EPA is required to undertake for all pesticides registered before November 1, 1984. *See* Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) § 4, 7 U.S.C. § 136a–1. Plaintiffs United Farm Workers et al. ("Plaintiffs") have asked the Court to declare that the EPA acted arbitrarily, capriciously, and contrary to law when it approved re-registration of chlorpyrifos for continued use in agricultural applications. Plaintiffs also seek injunctive relief ordering the EPA to make a new reregistration eligibility decision for chlorpyrifos. Dow Agrosciences LLC ("DAS") has filed an unopposed motion to intervene in the action.

Plaintiffs move to compel the EPA to produce an augmented administrative record that includes all materials that were before the agency at the time it made its decisions to re-register chlorpyrifos including drafts, internal communications, and other deliberative materials, unless the EPA can demonstrate that specific materials are privileged. The EPA asserts that it should not be required to submit "drafts and deliberative documents" because such evidence is "not properly part of the records for judicial review." Docket 25 at 4 ("Joint Case Management Statement").

Plaintiffs and the EPA have agreed on a case schedule under which the EPA were to submit an index and relevant excerpts of the administrative record by April 15, 2008. Docket 25 at 4 ("Joint Case Management Statement"). The EPA has stipulated to its position regarding the scope of the record so the Court may resolve this issue at the outset and the EPA may then proceed to file an administrative record that conforms to the Court's ruling in accordance with the agreed-upon schedule.

## II. DISCUSSION

**1. Motion to Intervene**

Under Federal Rule of Civil Procedure 24(a)(2), a third party is entitled to intervene as of right in a case if four conditions are met: (1) the motion for intervention is timely; (2) the third party claims an identifiable, "significantly protectable interest" relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the third party's ability to protect that interest; and (4) the existing parties to the action may inadequately represent the third party's interest. *Sw. Ctr. Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). This four-part test is to be construed "liberally in favor of applicants in favor for intervention." *Cemex, Inc. v. County of Los Angeles*, 92 F. A'ppx 457, 459 (9th Cir. 2004).

In determining whether a motion is timely, district courts in this jurisdiction examine three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). In the instant case, DAS seeks to intervene at a very early stage of litigation. Plaintiffs have filed a motion to compel filing of a complete administrative record, which is currently pending. The record itself would not be filed until April 2008 and dispositive briefing would not occur until the summer of 2008. Thus, neither the Plaintiffs nor EPA will be prejudiced by the timing of DAS's motion to intervene.

A proposed intervenor claims a significantly protectable interest within the meaning of Rule 24(a)(2) if the interest asserted is protected by law and related to the plaintiff's claims. *Alisal Water Corp.*, 370 F.3d at 919. An economic interest constitutes a significantly protectable interest if it is concrete and related to the underlying subject matter in the case. *Id.* DAS is the creator and predominant manufacturer of chlorpyrifos, and it holds several EPA registrations that allow it to distribute and sell chlorpyrifos. DAS thus has a significantly protectable interest.

In addition, the disposition of this case may affect that interest. DAS asserts that if Plaintiffs obtain the re-review of the chlorpyrifos IRED they seek, DAS's potential customers

3

may switch to substitutes as a result of uncertainty about the future availability of chlorpyrifos products. DAS argues it will be forced to incur additional costs in defending the safety of chloropyrifos, and that the disposition of this action will impair or impede DAS's ability to protect its interests in chlorpyrifos.

The Ninth Circuit has explained:

> In determining adequacy of representation, [courts] consider whether the interests of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer necessary elements to the proceeding that other parties would neglect.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1488-89 (9th Cir. 1995). Courts have recognized that governmental agencies have a broad responsibility to represent the public interest, whereas private companies like DAS have a more parochial and financial interest not shared by the EPA. *Id.* at 1498-99. Moreover, DAS routinely conducts extensive research on the pesticides it manufactures and thus has special expertise that makes it uniquely able to both defend chlorpyrifos' safety and to accurately portray the pesticide's potential effects on human health and the environment. "The applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation may be inadequate." *Id.* at 1498. Accordingly, DAS has made the minimal showing necessary that the EPA will not represent its interests.

**2. Motion to Compel**

Plaintiffs' claims under FIFRA are reviewed pursuant to 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA") which requires that the Court's review of agency decisions be based on the "whole record" before the EPA at the time of its decisions. This includes internal correspondence, memoranda and drafts that were part of the EPA's decision making process. The Ninth Circuit has emphasized that the "whole record" subject to review under the APA is not merely the record designated and submitted by the agency. *Portland Audubon Society v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1989). "The whole administrative record. . . consists of all documents and materials directly or indirectly

4

Case No. C 07-3950
ORDER GRANTING DOW AGROSCIENCES LLC 'S MOTION TO INTERVENE AND PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF A COMPLETE ADMINISTRATIVE RECORD
(JFEX3)

considered by agency decision makers and includes evidence contrary to the agency's position." *Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).  *See also*, *Pac. Coast Fed'n of Fishermen's Assocs. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir. 2001) (reasoning that the central question in APA review is whether the agency considered the relevant factors and articulated a rational connection between the facts found and the choice made). The United States Department of Justice ("DOJ") has instructed federal agencies to include drafts and other deliberative materials in their records. *Department of Justice*, *Guidance to Federal Agencies on Compiling the Administrative Record* (January 1999).[2] "The focal point for judicial review should be the administrative record already in existence, not some new record made in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).  The EPA asserts that "an agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity. . .absent clear evidence to the contrary." *McCrary v. Gutierrez,* 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007), citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993), citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985).  This presumption is not relevant at this stage in the proceeding because the EPA is still compiling the administrative record. Defendant's Opposition To Plaintiffs' Motion To Compel Filing of A Complete Administrative Record at 14.  Plaintiffs are simply asking that the administrative record include all evidence considered by the EPA when it made its re-registration decision.  The Court agrees with Plaintiffs.

---

[2] Available at http://www.fws.gov/policy/library/usdjguid.wpd.

## III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that DAS' motion to intervene is GRANTED.  IT IS FURTHER ORDERED that Plaintiffs' motion to compel production of a complete administrative record is GRANTED.

DATED: August 26, 2008

JEREMY FOGEL
United States District Judge

6

Case No. C 07-3950
ORDER GRANTING DOW AGROSCIENCES LLC 'S MOTION TO INTERVENE AND PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF A COMPLETE ADMINISTRATIVE RECORD
(JFEX3)

This Order has been served upon the following persons:

Kristen Lee Boyles
kboyles@earthjustice.org

Aaron Colangelo
acolangelo@nrdc.org

Joshua Osborne-Klein
josborne-klein@earthjustice.org

Virginia Elizabeth Ruiz
vruiz@farmworkerjustice.org

Shelley Davis
sdavis@farmworkerjustice.org

Patti Goldman
pgoldman@earthjustice.org

Michael Meuter
mmeuter@crla.org

Jonathan Gettleman
jgettleman@crla.org

Norman Rave Jr.
norman.rave@usdoj.gov

Laurence Andrew Weiss
lweiss@hewm.com

David Weinberg
dweinberg@wileyrein.com

7

Case No. C 07-3950
ORDER GRANTING DOW AGROSCIENCES LLC 'S MOTION TO INTERVENE AND PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF A COMPLETE ADMINISTRATIVE RECORD
(JFEX3)