Laurence A. Weiss (Bar No. 164638)
   Laurence.Weiss@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
Telephone:   650.324.7000
Facsimile:   650.324.0638

David B. Weinberg (D.C. Bar # 186247), admitted *pro hac vice*
   dweinberg@wileyrein.com
Eric Andreas (D.C. Bar # 462777)
   eandreas@wileyrein.com
David E. Markert (D.C. Bar #502486)
   dmarkert@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, DC  20006
Telephone:   202.719.7000
Facsimile:   202.719.7049

Attorneys for Intervenor-Defendant
Dow AgroSciences LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED FARM WORKERS OF AMERICA, AFL-CIO, et al., | Case No. C 07-03950 JF |
| Plaintiffs, | **DEFENDANT-INTERVENOR DOW AGROSCIENCES LLC'S MOTION PURSUANT TO LOCAL RULE 7-9(a) FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | Hearing: None (unless requested by the Court) |
| Defendant, | |
| DOW AGROSCIENCES LLC | Court:  The Honorable Jeremy Fogel |
| Intervenor. | |

DEFENDANT-INTERVENOR'S MOTION PURSUANT TO LOCAL RULE 7-9(a)
FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION  C07-03950 JF

In accordance with Local Rule 7-9(a), Defendant-Intervenor Dow AgroSciences LLC ("DAS") respectfully moves for the entry of an Order granting DAS leave to file the attached Motion for Reconsideration of the Court's August 26, 2008 Order Denying DAS' Motion to Dismiss ("August 26 Order"). Dkt. #66. As discussed below, DAS has two reasons for filing this Motion: (1) the Court's August 26 Order does not address – and so it appears that the Court may not have considered – two out of the three independently dispositive legal arguments briefed by DAS in its Motion to Dismiss; and (2) the Court appears to have analyzed DAS' Motion under the incorrect standard.[1]

**STANDARD FOR GRANTING LEAVE TO FILE A
MOTION FOR RECONSIDERATION**

Local Rule 7-9(b) provides that a party moving for reconsideration must show either that: (1) at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the order for which reconsideration is sought and the party seeking reconsideration, in the exercise of reasonable diligence, did not know such fact or law at the time of the order; (2) new material facts or a change of law occurs after the time of such order; or (3) the court manifestly failed to consider material facts or dispositive legal arguments presented to it before the order for which reconsideration is sought. *See* N.D. Cal. Civil L.R. 7-9(b)(1)-(3). In addition, the Ninth Circuit has stated that "[t]here may also be other, highly unusual, circumstances warranting reconsideration." *School District No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**ARGUMENT**

**I. THE COURT APPEARS NOT TO HAVE CONSIDERED TWO INDEPENDENTLY DISPOSITIVE LEGAL ARGUMENTS RAISED BY DAS**

In its Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), DAS offered three separate and independently dispositive reasons in support of its contention that

---

[1] On September 10, 2008, the Court entered a stipulated order staying the briefing on summary judgment until the Ninth Circuit issues a decision in a pending case, *UFW v. EPA*, No. 08-35528 (9th Cir.). Dkt. #69. The stipulation and order expressly provides that nothing therein shall prevent any party from filing a motion for reconsideration of the Court's August 26 Order. *Id*. at 2.

1  Plaintiffs' challenge to the United States Environmental Protection Agency's ("EPA") decision to
2  reregister the pesticide chlorpyrifos have been brought in the wrong court: (1) Plaintiffs' claims
3  concerned alleged failures by EPA to act which, pursuant to Sections 4(m) and 16(b) of the
4  Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136-136y ("FIFRA"), are
5  reviewable only in the Federal Courts of Appeals; (2) independent of Section 4(m), jurisdiction to
6  hear this case rested exclusively with the Federal Courts of Appeals under FIFRA Section 16(b);
7  and (3) Plaintiffs' asserted bases for District Court jurisdiction, FIFRA Section 16(a) and 28
8  U.S.C. § 1331, were inapplicable. Dkt. #50 at 5-10.[2] DAS further argued in its Motion to
9  Dismiss that each reason was in and of itself a sufficient ground on which to dismiss this case for
10 lack of subject-matter jurisdiction.

11       The Court's August 26 Order, however, addresses only the first of DAS' three reasons,
12 holding that Section 4(m) did not apply. Dkt. #66 at 4. The Order does not address DAS'
13 remaining dispositive legal arguments. Because it appears that the Court did not consider these
14 arguments in its disposition of DAS' Motion to Dismiss, reconsideration is appropriate.

15       Reconsideration also is appropriate here because of the Court's apparent failure to
16 consider the May 19, 2008 decision in *United Farm Workers of America, AFL-CIO v.*
17 *Administrator, U.S. EPA*, No. CV04-0099-RSM, 2008 WL 2117114 (W.D. Wash. May 19, 2008)
18 ("*UFW I*"). On May 22, 2008, DAS filed with this Court a Motion for Leave to File a Statement
19 of Recent Decision regarding the *UFW I* case. Dkt. #61. In that Motion, DAS explained to the
20 Court that *UFW I* involved nearly identical plaintiffs and the same jurisdictional issue, and that
21 Judge Martinez of the Western District of Washington had held that FIFRA Section 16(b)
22 mandated review of EPA's pesticide reregistration decision for Azinphos Methyl in the Court of
23 Appeals because there existed an adequate record for review. *Id*. Plaintiffs did not oppose DAS'
24 Motion for Leave to File a Statement of Recent Decision, and even highlighted two aspects of the
25 *UFW I* decision in their Response for the Court's consideration. Dkt. #62.

---

26  [2] DAS also contended in its Motion to Dismiss that the Court lacked jurisdiction over this case because the Plaintiffs
    had not demonstrated standing. Dkt. #50 at 11-13. However, the Plaintiffs and DAS agreed to stay addressing the
27  issue of Plaintiffs' standing until DAS filed its Cross-Motion for Summary Judgment. Dkt. #52 at 3. The Court
    approved the agreement between the Plaintiffs and DAS during the March 21, 2008 case management conference.
28  Dkt. #53.

DEFENDANT-INTERVENOR'S MOTION PURSUANT TO LOCAL RULE 7-9(a) FOR LEAVE
TO FILE A MOTION FOR RECONSIDERATION C 07-03950 JF - 2 -

Reconsideration is therefore appropriate because it does not appear that the Court factored the *UFW I* case into its ruling – the August 26 Order neither mentions the *UFW I* decision nor adopts or refutes any of the analysis set forth in the *UFW I* decision. While *UFW I* is not controlling, the parties apparently agree that it is relevant and the decision squarely supports DAS' second ground for dismissal – that jurisdiction over Plaintiffs' challenge rests exclusively with the Federal Courts of Appeals under FIFRA Section 16(b). DAS therefore respectfully submits that the Court should reconsider its August 26 Order in light of the holding in that decision.[3]

## II.   THE COURT APPEARS TO HAVE APPLIED THE INCORRECT STANDARD FOR A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Court also appears to have analyzed DAS' Motion to Dismiss in accordance with the wrong standard of review. DAS moved to dismiss Plaintiffs' challenge to the chlorpyrifos reregistration decision based on a lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3). Dkt. #50 at v, 1. However, the standard of review recited in the August 26 Order is the standard that applies in determining whether to dismiss a Complaint for failure to state a valid claim. Dkt. #66 at 3. Also, the Supreme Court and Ninth Circuit cases cited by the Court in the standard of review section of the Order all concern the propriety of a District Court's dismissal for failure to state a claim, and the Court concludes in the August 26 Order that "Plaintiffs adequately have stated a claim under Section 3(c)(5)" of FIFRA. *Id.* at 4.

Under the proper standard of review, a challenge to subject-matter jurisdiction, once raised, must be resolved by the court prior to reaching the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this Court, and then of the court from which the record comes. This question the court is bound to ask for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."); *Toumajian v. Frailey*, 135 F.3d 648, 657-58 (9th Cir. 1998) ("[T]he district court was obligated to consider . . . the threshold question of

---

[3] Plaintiffs have appealed the *UFW I* decision to the Ninth Circuit. *UFW v. EPA*, No. 08-35508 (9th Cir.).

DEFENDANT-INTERVENOR'S MOTION PURSUANT TO LOCAL RULE 7-9(a) FOR LEAVE
TO FILE A MOTION FOR RECONSIDERATION  C 07-03950 JF - 3 -

subject-matter jurisdiction[ ] when the issue was first brought to its attention. Challenges to the court's power to rule must, of necessity, be determined before the court may rule on the merits.").

Thus, the question is not whether Plaintiffs have stated a claim, but whether they barred from bringing their claim in this Court.

## CONCLUSION

For the reasons set forth above, DAS respectfully requests that the Court grant it leave to file the attached Motion for Reconsideration.

Respectfully Submitted,

DATED: September 16, 2008                HELLER EHRMAN LLP

David B. Weinberg (D.C. Bar # 186247),        By:   /s/ Laurence A. Weiss
admitted *pro hac vice*                            Laurence A. Weiss
   dweinberg@wileyrein.com                    Laurence.Weiss@hellerehrman.com
Eric Andreas (D.C. Bar # 462777)              HELLER EHRMAN LLP
   eandreas@wileyrein.com                      275 Middlefield Road
David E. Markert (D.C. Bar #502486)            Menlo Park, CA  94025-3506
   dmarkert@wileyrein.com                      Telephone:   650.324.7000
WILEY REIN LLP                                 Facsimile:    650.324.0638
1776 K Street NW
Washington, DC  20006
Telephone:   202.719.7000
Facsimile:    202.719.7049

Attorneys for Intervenor-Defendant Dow AgroSciences LLC