**E-Filed 9/30/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ, <br><br>Plaintiffs, <br><br>v. <br><br>ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br>Defendant. | Case Number C 07-3950 JF (HRL) <br><br>ORDER[1] DENYING DOW AGROSCIENCES LLC 'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION <br><br>[re: doc. no. 70] |

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-3950 JF (HRL)
ORDER DENYING DOW AGROSCIENCES LLC'S REQUEST FOR LEAVE ETC.
(JFLC1)

## I. BACKGROUND

The above-entitled action arises from the decision by the United States Environmental Protection Agency ("EPA") to reregister the insecticide chlorpyrifos for agricultural purposes. Defendant-Intervenor Dow AgroSciences LLC ("DAS") moved to dismiss the complaint for lack of subject matter jurisdiction. On August 26, 2008, the Court issued an order denying DAS's motion to dismiss (the "August 26 Order"). Subsequently, the parties agreed that the EPA would produce the complete administrative record for its reregistration determination by November 7, 2008. The parties also agreed that summary judgment briefing would be stayed pending the Ninth Circuit's review of the recent decision in *United Farm Workers of America, AFL-CIO v. Administrator, U.S. EPA*, No. CV04-0099-RSM, 2008 WL 2117114 (W.D. Wash. May 19, 2008) ("*UFW I*").

DAS now requests leave to file a motion for reconsideration of the August 26 Order, which held that Plaintiffs' complaint adequately had stated a claim under Section 3(c)(5) of the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"). In support of its request, DAS brings three arguments: (1) the Court failed to consider two additional and dispositive legal arguments briefed by DAS in its motion to dismiss; (2) the August 26 Order did not address the recent decision in *UFW I*; and (3) the Court appears to have analyzed DAS's motion to dismiss under the incorrect standard.

## II. DISCUSSION

Civ. L. R. 7-9(b)(3) requires that a party seeking leave to file a motion for reconsideration must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See also Sch. District No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("There may also be other, highly unusual, circumstances warranting reconsideration."). DAS previously argued that the instant dispute is governed by Section 16(b) of FIFRA, which confers exclusive jurisdiction upon circuit courts for review of certain EPA decisions. The Court's August 26 Order held that Section 16(b) did not apply for challenges of allegedly arbitrary and capricious EPA decisions.

1   DAS's motion to dismiss also argued that even for a challenge based on such grounds, Section 16(b) must still apply if the decision was a final "order" that issued after a "public hearing." In addition, DAS asserted that Section 16(a), which allows district court review (and which Plaintiffs rely upon for jurisdictional purposes), cannot apply if there has been a final order after a public hearing because the jurisdictional grant set forth Section 16(a) is subservient to Section 16(b). *See* 7 U.S.C. § 136n(a) ("*Except as otherwise provided in this subchapter*, the refusal of the Administrator to cancel or suspend a registration or to change a classification not following a hearing and other final actions of the Administrator not committed to the discretion of the Administrator by law are judicially reviewable by the district courts of the United States.") (emphasis added).

Both of these arguments were considered previously, and even if they were novel they would not affect the outcome of the Court's prior decision. The question of whether jurisdiction is proper in this Court depends in part on whether the EPA's reregistration decision was a final order entered after a public hearing. Resolution of this issue depends upon evidence outside the pleadings. For example, the Court has ordered the EPA to produce the administrative record for its reregistration decision so as to shed further light upon the substance of the EPA proceeding. Because there are factual issues, dismissal under Fed. R. Civ. P. 12(b)(1) is not appropriate at this time under any of the theories that DAS asserts. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case like this, where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Accordingly, and as noted in the August 26 Order, DAS may raise its jurisdictional arguments on summary judgment.

Finally, the Court did consider the decision in *UFW I*, and as noted previously has agreed to postpone hearing of any motion for summary judgment until the appeal of that decision has been determined. The lower court's decision is certainly informative, but it does not serve judicial economy for this Court to reconsider its prior decision in light of a nonbinding order that

1  may be overturned.

2  **III.  ORDER**

3  Accordingly, IT IS HEREBY ORDERED that DAS's request for leave to file a motion
4  for reconsideration of the Court's August 26, 2008 order is DENIED.

7  DATED: September 30, 2008

_____
JEREMY FOGEL
United States District Court

1  This Order has been served upon the following persons:

2  Kristen Lee Boyles
   kboyles@earthjustice.org
3

4  Aaron Colangelo
   acolangelo@nrdc.org
5

6  Joshua Osborne-Klein
   josborne-klein@earthjustice.org
7

8  Virginia Elizabeth Ruiz
   vruiz@farmworkerjustice.org

9
   Shelley Davis
10 sdavis@farmworkerjustice.org

11 Patti Goldman
   pgoldman@earthjustice.org
12

13 Michael Meuter
   mmeuter@crla.org
14

15 Jonathan Gettleman
   jgettleman@crla.org

16
   Norman Rave Jr.
17 norman.rave@usdoj.gov

18 Laurence Andrew Weiss
19 lweiss@hewm.com

20 David Weinberg
   dweinberg@wileyrein.com
21

22

23

24

25

26

27

28

5

Case No. C 07-3950 JF (HRL)
ORDER DENYING DOW AGROSCIENCES LLC'S REQUEST FOR LEAVE ETC.
(JFLC1)