**E-Filed 3/31/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED FARM WORKERS; SEA MAR COMMUNITY HEALTH CENTER; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; BEYOND PESTICIDES; FRENTE INDIGENA de ORGANIZACIONES BINACIONALES; FARM LABOR ORGANIZING COMMITTEE, AFL-CIO; TEAMSTERS LOCAL 890; PESTICIDE ACTION NETWORK NORTH AMERICA; MARTHA RODRIGUEZ; and SILVINA CANEZ, <br><br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | Case Number C 07-3950 JF (HRL) <br><br> ORDER[1] PRESERVING STAY <br><br> [re: doc. nos. 80, 81] |

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-3950 JF (HRL)
ORDER PRESERVING STAY.
(JFEX2)

## I. BACKGROUND

The above-entitled action arises from the decision by the United States Environmental Protection Agency ("EPA") to reregister the insecticide chlorpyrifos for agricultural purposes. Intervenor-Defendant Dow AgroSciences LLC ("DAS") moved to dismiss the complaint for lack of subject matter jurisdiction. On August 26, 2008, the Court issued an order denying DAS's motion to dismiss ("Order").[2] Subsequently, the parties agreed that the EPA would produce the complete administrative record of its reregistration determination by November 7, 2008. The parties also agreed to stay briefing on their motions for summary judgment pending the Ninth Circuit's review of the decision in *United Farm Workers of America, AFL-CIO v. Administrator, U.S. EPA*, 2008 WL 2117114 (W.D. Wash. May 19, 2008), a factually similar case that presents the same jurisdictional issue under Section 16(a) of the Federal Insecticide, Fungicide, and Rodenticide ("FIFRA").

On January 26, 2010, the Ninth Circuit issued its decision, holding that the challenge to EPA's reregistration decision must be brought in a court of appeals rather than a district court. *See United Farm Workers of America, AFL-CIO v. Administrator, U.S. EPA*, 592 F.3d 1080 (9th Cir. 2010) ("*UFW I*"). The court affirmed the district court's dismissal for lack of jurisdiction. *Id.* at 1081. DAS now renews its motion to dismiss.

## II. DISCUSSION

DAS argues that the *UFW I* decision is controlling because the facts and legal questions in that case are directly analogous to those presented here. In *UFW I*, the plaintiffs challenged EPA's decision to reregister the pesticide, azinphos methyl.[3] *UFW I*, 592 F.3d at 1082. During the reregistration process, EPA collected input from stakeholders and the public. *Id.* The court concluded that the input process available to the public constituted a "public hearing" within the meaning of Section 16n(b) of the FIFRA. *Id.* at 1083 (finding the public hearing requirement to

---

[2] The Court denied DAS's subsequent request to file a motion for reconsideration of the Order.

[3] The plaintiffs in *UFW I* are represented by the same counsel as Plaintiffs in this case.

be satisfied "when ... interested parties are afforded an opportunity to present their positions by written briefs and a sufficient record is produced to allow judicial review"). Because the EPA's process satisfied the requirements for a public hearing, judicial review lies with the court of appeals, pursuant to Section 16n(b) of the FIFRA. *Id.*

Like the plaintiffs in *UFW I*, Plaintiffs in this case challenged the EPA's final decision to approve reregistration of a regulated product under the FIFRA.[4] As in *UFW I*, the EPA solicited public comments during the reregistration process.[5] DAS argues that because the EPA's reregistration decision followed a public hearing as defined in *UFW I*, this Court lacks jurisdiction over Plaintiffs' claims.

Plaintiffs appear to concede that the Ninth Circuit's decision as it currently stands is fatal to jurisdiction in this case. They note that if the *UFW I* decision becomes final by issuance of a mandate to the district court, they "are likely to voluntarily dismiss this case for lack of jurisdiction." Pls.' Opp'n to Renewed Mot. To Dismiss, 4:8-9. However, Plaintiffs argue that the Court should not rely on the *UFW I* decision at this time because the mandate has not issued and the plaintiffs have filed a petition for rehearing.[6] *See, e.g. United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) ("[F]inality of an appellate order hinges on the issuance ... of the mandate required to enforce that order."); *United States v. Ross*, 654 F.2d 612, 616 (9th Cir. 1981) (same).

Plaintiffs suggest that the stay issued by the Court on September 9, 2008 remains in effect until the Ninth Circuit issues the mandate in *UFW I*. They reference the parties' joint stipulation, which states in relevant part, "[T]he parties believe it is appropriate to await the Ninth Circuit's decision before proceeding to summary judgment in this case, except that nothing shall prevent any party from filing a motion for reconsideration of the Court's [August 26, 2008] Order

---

[4] The subject of the reregistration challenge in *UFW I* was a pesticide, not an insecticide as in this case.

[5] Although the EPA solicited public comment on its decision, Plaintiffs contend that it never addressed the issues raised or the data provided. First Amend. Compl. ¶¶ 2, 58.

[6] According to DAS, Plaintiffs filed a petition for rehearing on Mar 3, 2010. Def.'s Reply in Support of Renewed Mot. To Dismiss, 1:9.

3

pending resolution of the Ninth Circuit litigation." Stip. Mot. To Establish Schedule and Stay Summary Judgment Briefing 2:15. DAS does not disagree with Plaintiffs' suggestion, but it requests that the Court impose specific terms relating to dismissal of the case once the mandate is issued.

### III.  ORDER

Accordingly, IT IS HEREBY ORDERED that disposition of DAS's pending motion to dismiss and all other proceedings in this action are STAYED pending issuance of a mandate in *United Farm Workers of America, AFL-CIO v. Administrator, U.S. EPA*, 592 F.3d 1080 (9th Cir. 2010) ("*UFW I*"). If the petition for rehearing in *UFW I* is denied or if the January 26, 2010 decision in *UFW I* is otherwise finalized, Plaintiffs shall have fourteen (14) days after the mandate is issued to request voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). If Plaintiffs fail to make such a request, the Court will grant DAS' Renewed Motion to Dismiss with prejudice. If the petition for rehearing in *UFW I* is granted and the January 26, 2010 decision is reversed or substantively modified, the parties shall file a proposed schedule for dispositive motions within fourteen (14) days after the mandate has issued.

SO ORDERED.

DATED: March 31, 2010

_____
JEREMY FOGEL
United States District Court